Filed Jan. 18, 1888.

---

No. 14,049.

## THE STATE, EX REL. LAUGHLIN, PROSECUTING ATTORNEY, *v.* PORTER.

COUNTY SUPERINTENDENT.—*Appointment.—Void if not Made by a Majority of Trustees.*—It is essential to the validity of an appointment of county superintendent that a quorum of the township trustees should be present at the time, and an appointment by less than a majority of the whole number is void.

SAME.—*Quorum.—County Auditor.*—The county auditor, not being a member of the body, can not be counted in determining whether or not a quorum is present.

From the Martin Circuit Court.

*J. D. Laughlin,* Prosecuting Attorney, *T. J. Brooks, S. M. Reeve* and *L. Stephens,* for appellant.

*T. M. Clarke, C. S. Dobbins, E. Moser, H. Q. Houghton, H. McCormick* and *J. T. Rogers,* for appellee.

MITCHELL, C. J.—The prosecuting attorney in and for the Forty-ninth Judicial Circuit commenced this proceeding

by filing an information in the nature of a *quo warranto*, in the office of the clerk of the Martin Circuit Court. It was formally charged that the defendant, William T. Porter, had unlawfully usurped and intruded into the office of county superintendent in and for the county of Martin, and that he was exercising the functions of the office without authority of law.

Upon due request the court made a special finding of the facts, which, so far as they are material to be stated, are as follows: On the first Monday in June, 1887, the trustees of Martin county, ten in number, met at the county auditor's office, the auditor being present as clerk, for the purpose of appointing a county superintendent to succeed William T. Mitchell, who was then occupying the office pursuant to an appointment duly made two years before. The trustees agreed that the appointment should be made by ballot. After balloting, without effecting an appointment, until 12 o'clock, midnight, they adjourned until 8:30 o'clock the next morning. At the hour to which the adjournment was had, five of the trustees met with the auditor at the auditor's office. The other five, having full knowledge of the time and place of the meeting, refused to attend. The court finds that they remained away for two reasons: (1) They had been advised that a county superintendent could not be appointed on any other day than the first Monday in June. (2) They believed the trustees had adjourned *sine die* the night before. The five trustees who met at the auditor's office with the auditor on Tuesday morning, after waiting a short time, proceeded to appoint the defendant, Porter, to the office of county superintendent for the ensuing two years, he receiving the unanimous vote of the trustees present. The auditor made a record of the proceedings, and Porter subsequently qualified and assumed to exercise the functions of the office.

There is but one question for consideration, and that is, was the appointment of Porter by five trustees, that number being less than a majority of the whole body, of any validity

whatever? Did the appointment confer any title to the office?

The State having challenged the defendant's right to the office in question, the burden was upon him to show that he had a good title. High Ex. Leg. Rem., sections 629, 712.

Section 4424, R. S. 1881, requires the township trustees of the several townships in each county to meet at the auditor's office of their respective counties on the first Monday of June, 1873, and biennially thereafter, for the purpose of appointing a county superintendent, whose official term shall expire as soon as his successor is appointed and qualified. The county auditor is required to act as clerk of the body when convened, in all cases, and is authorized to give the casting vote in case of a tie.

While the section of the statute above mentioned makes it the duty of the township trustees in each county to meet at a time and place fixed, and appoint a county superintendent, the manner of making the appointment, and the number of trustees who shall be competent to exercise the power, are in no manner fixed by that statute. Other statutes and the settled rules of law, which regulate the conduct of similar bodies, under like circumstances, must be looked to for the purpose of ascertaining the number of trustees authorized in any given case to execute the power conferred in the statute above mentioned.

Turning to subdivision second of section 240, R. S. 1881, we find the following language, viz.: "Words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority."

It is a general rule, unless there is some provision to the contrary, that, where several persons are authorized to exercise a power, all the persons authorized must be present in order that the power may be exercised.

In the absence of the above statute, the act conferring the

authority being silent on the subject, it might, therefore, be a question whether a number less than the whole could execute the power. *Scraper* v. *Pipes*, 59 Ind. 158; *Evans* v. *Clermont, etc., G. R. Co.*, 51 Ind. 160, and cases cited. However that may be, it is quite certain that no statutory authority exists which authorizes a number less than a majority of those constituting the body to exercise the power of appointment.

The general rule is, that when a council or collective body, consisting of a given number of members, is authorized by a statute to do an act, or to transact business, authority is thereby given to that body to act upon the subject committed to it, or to transact the business which it is authorized to conduct, whenever a majority of the members thereof are lawfully present. Cushing Par. Law, section 247. The body can not act without the presence of a quorum, and the act of a quorum is the act of the body. *State, ex rel.,* v. *Wilkesville Tp.*, 20 Ohio St. 288; *McFarland* v. *Crary*, 6 Wend. 298; Rapalje & Lawrence L. Dict., Tit. "Quorum."

Acts done when less than a quorum were present, or which were not concurred in by the requisite number, are void. 1 Dillon Munic. Corp., section 290; *Price* v. *Grand Rapids, etc., R. R. Co.*, 13 Ind. 58; *City of Logansport* v. *Legg*, 20 Ind. 315.

Conceding that the trustees, having met at the time and place appointed, had power to adjourn from day to day, in case it became necessary to do so in order to accomplish the purpose of their meeting, it was nevertheless essential to the validity of any appointment that a quorum should have been present at the time the appointment was made. A less number could do no valid act. The county auditor could not be counted in determining whether there was a quorum present or not. He was not a member of the body in the sense that he could be thus counted. His only functions were to record the proceedings of the body, and to give the casting vote in case of a tie.

The motives that may have induced the absence of five of

the trustees from the adjourned meeting do not affect the question. *State, ex rel.,* v. *McMullen,* 46 Ind. 307. However reprehensible their conduct may have been in that respect, the absence of a quorum at the adjourned meeting rendered it impossible for the number present to make any valid appointment.

No title to an office can be predicated upon an election or appointment, unless at such election or appointment the requisite number of votes are given for the claimant.

The judgment is reversed, with costs, with directions to the court below to re-state its conclusions of law on the facts found, and render judgment thereon in accordance with this opinion.

