C. J. MOHR, Appellee, v. CIVIL SERVICE COMMISSION et al., Appellants.

**MUNICIPAL CORPORATIONS:** Civil Service Commission—Jurisdiction—Suspension of Policeman—Rules and Charges. The civil service commission of the city of Des Moines has jurisdiction, under Section 1056-a32, Code Suppl. Supp., 1915, to hear, against a police officer, charges made under rules formulated by the city council, where the chief of police suspended the officer and made a report of the charges and suspension to the superintendent of public safety, who formally approved it in writing and forwarded it to the commission, which report was filed with the clerk of the commissioners.

**MUNICIPAL CORPORATIONS:** Civil Service Commission—Procedure—Liberal Construction. A liberal construction should be given to Ch. 48, Acts 32 G. A., and acts amendatory thereto, providing for a civil service commission and for the suspension and discharge of officers guilty of misconduct, and the said law and the rules and regulations adopted thereunder should not be construed with that technical exactness which the law exacts in procedure in courts of record.

**CERTIORARI:** Nature and Grounds—Want of Jurisdiction—Removal of Officer. A statute governing the right to certiorari applies in cases when facts show that the tribunal acting is without jurisdiction. *Held* that the acts of civil service commissioners of the city of Des Moines in discharging a policeman were not illegal or without jurisdiction.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

MAY 19, 1919.

ACTION in certiorari to test the action of the civil serv-

ice commission in discharging plaintiff from the police force. Demurrer to the petition. Demurrer overruled. Defendants appeal.—*Reversed.*

*Thomas Watters, Jr.,* and *Miller & Wallingford,* for appellee.

*H. W. Byers, Reson S. Jones, D. Cole McMartin,* and *C. A. Weaver,* for appellants.

GAYNOR, J.—This action is brought in certiorari to test the legality of the action of the civil service commission in discharging the plaintiff as policeman in the city of Des Moines, on the ground that the civil service commission was without jurisdiction to make the discharge, and otherwise acted illegally. The facts appear substantially as follows: .

At the time of the matters hereinafter referred to, the city of Des Moines was a municipal corporation, duly organized under the laws of this state as the same appear in Title V, Chapter 14-C, Supplement to the Code, 1913, and acts amendatory thereof and in addition thereto. The defendant Ben J. Woolgar was then and is now the duly elected, qualified, and acting superintendent of public safety. The defendant C. C. Jackson was the duly appointed, qualified, and acting chief of police. The defendant the civil service commission was created under the provisions of Chapter 48 of the Acts of the Thirty-second General Assembly and acts amendatory thereof and in addition thereto (Section 1056-a32, Supplemental Supplement, 1915), and the defendants F. C. Hubbell, Jay Tone, and H. H. Stipp were the duly appointed, qualified, and acting members of the said commission, the defendant F. C. Hubbell being its chairman.

On and prior to the 6th day of June, 1917, the plaintiff, C. J. Mohr, was a duly appointed and acting member of the police department of said city, and amenable to the provisions of the Civil Service Act. The plaintiff, as a

member of said department, paid a portion of his salary to the public police fund of said department, as a member thereof. On the 6th day of June, 1917, plaintiff was suspended by C. C. Jackson, chief of police, for 30 days, without pay, for conduct unbecoming an officer. This discharge was reported on the same day by the chief by letter to the said superintendent of public safety, and by him formally approved in writing. This letter, with the approval of the commissioner of public safety, was duly received and filed with the commissioners.

On the 28th day of June, the commission duly met, and the plaintiff appeared, in response to a letter directed to him and signed by the clerk of the civil service commission, and submitted himself, without objection, to the jurisdiction of the commission, without any further charges made than appear in the letter written by the chief of police, approved by the superintendent of public safety, and filed with the commission. The commission thereupon took testimony in the case, and at the conclusion of the evidence, took the case under advisement.

On the 17th day of July, 1917, the commission held a second hearing in the matter, at which time and place the plaintiff appeared, in response to the following letter:

"July 11, 1917.

"C. J. Mohr,

"Dear Sir:

"You are hereby notified to appear before the civil service commission at 8 P. M. Tuesday, July 17th, at the council chamber, Municipal Building, for a hearing on the charge of misconduct against you in reporting for duty while under the influence of liquor, on the 5th day of June, 1917.

"[Signed] Civil Service Commission,

"Per Its Acting Clerk."

At this time, the commission proceeded with the hearing of the case, and the following persons testified: C. C.

Jackson, W. L. Kelly, and Thomas Pettit, Jr. After the hearing, the commission adjourned until the next day, Tuesday, July 18th, at which time it filed its report, saying, in substance and effect, that it is necessary to the discipline of the police force that it be clearly understood that, if an officer is under the influence of liquor at the time of reporting for duty, or while on duty, he should be discharged immediately from the force; and its decision ordered and directed that C. J. Mohr, plaintiff, be discharged from the police force. This was signed by all the commissioners. Upon this state of facts, the petition for the writ of certiorari is based.

The defendants demurred to the facts thus alleged, as insufficient to justify the writ,—insufficient as a basis for the writ,—alleging that it appears affirmatively that the commission was within its jurisdiction in making the order. This demurrer was overruled, and the defendants appeal.

It is the contention of the plaintiff that the commissioners, either separately or jointly, and the civil service commission, as a body, had no *original* jurisdiction or authority to discharge the plaintiff; that no charges were preferred against him, as required by the rules and regulations adopted by the city council; that the only charges made against him were made by the commission, dictated by H. H. Stipp, a member of the commission, in the presence of the chairman, and that both of said commissioners were present at the hearing and took part in the determination of the controversy; that the civil service commission acted illegally, further, in that it appears that the plaintiff had already been punished by suspension for 30 days, without pay, for identically the same act over which the commission assumed jurisdiction; that the commission acted illegally, unjustly, and without due process of law, and deprived the plaintiff of his property interest in and to the pension fund.

There is but one question here for our determination,

and that is whether or not the commission, at the time they acted, had authority to act; had jurisdiction of the subject-matter and the parties. The determination

1. MUNICIPAL CORPORATIONS: civil service commission: jurisdiction: suspension of policeman: rules and charges.

of this question involves the consideration of the statute, and the rules and regulations prescribed by the city council.

The law which provides for the creation of a civil service commission and the appointment of officers to act for it, and prescribes its powers and duties, is found in Section 1056-a32, Supplemental Supplement to the Code, 1915. Subdivision c provides for the removal of officers, and the method of procedure. It reads:

"All persons subject to such civil service examination shall be subject to removal from office or employment by majority vote of such civil service commission for misconduct or failure to properly perform their duties under such rules and regulations as may be adopted by the council."

The rules formulated by the city council under this provision of the statute, in so far as material to this controversy, are as follows:

"Charges preferred against any member of the police force must be in writing in duplicate and sworn to and affirmed to, but this shall not apply to complaints or charges by any commissioner or the chief or captains who may charge simply in writing. All charges must be filed with the secretary."

Again:

"Charges against members of the police force must be submitted in writing, directed to the board or the chief, and filed with the clerk of the board, and must clearly set forth the facts which are alleged to constitute the offense charged. When not preferred by a *commissioner*, chief, captain or sergeant, they must be verified by the affidavit of

the complainant, and the names of the witnesses given. Frivolous charges will not be entertained."

We are of the opinion that the filing of this communication from the chief of police with the commissioner of public safety, and the filing of it with the clerk of the commissioners, were sufficient to invoke the jurisdiction of the commission,—sufficient to call upon it for investigation; that it was a sufficient compliance with that rule or regulation that charges be preferred. There is no question that the filing of this communication with the commission brought to the knowledge of the commission a dereliction of duty on the part of the plaintiff. It brought to their knowledge the fact that there was such a dereliction as required the suspension of this officer for 30 days. The record shows that the suspension was based upon the fact of intoxication while in service,—a grave and serious offense. The discharge is not for the purpose of punishing the officer, or depriving him of any of the emoluments of the office, but for the protection of the public. One under the influence of liquor has his judgment and reason so impaired that he cannot be entrusted with the discharge of those duties that rest on such an officer. The safety of the public demands that sober men be placed in charge of the public safety. The effect of intoxicating liquor upon the human mind and upon the conduct of individuals is too well known to need any discussion here. The safety of the public is imperiled by placing men under the influence of liquor in a position that requires cool, calm, and collected judgment, to preserve the public peace. Under the section hereinbefore referred to, the commission is invested with public duties— duties which, in good faith, they must discharge for the public safety. In an effort to accomplish the salutary purpose for which the commission was created, and in construing their

2. MUNICIPAL CORPORATIONS: civil service commission: procedure: liberal construction.

action in attempting to accomplish this salutary purpose, their action must not be construed with that technical exactness which the law exacts in procedure in courts of record. On a vote of the majority of the commission, any of the officers subject to civil service may be discharged or removed from office for misconduct or failure to properly perform the duties assigned to them. A liberal construction should be given to the statute and to the rules and regulations, to the end that the public safety may not be imperiled. No policeman has any vested right to hold the office. He holds it always subject to good behavior, and is subject to removal whenever his behavior is inimical to the public good. The commission is formed for the purpose of protecting the people from a continuance in office of men who are guilty of misconduct, or who have failed to properly perform their duties under such rules and regulations as may be adopted by the council.

We need not discuss the statute governing the right to certiorari. We think it applies in cases of this kind, when the facts show that the tribunal acting is without jurisdiction. Here, the only ground upon which it can be claimed this tribunal acted without jurisdiction is that there were no formal charges made against this plaintiff before this commission, invoking its jurisdiction.

3. CERTIORARI: nature and grounds: want of jurisdiction: removal of officer.

The commission was informed—though not strictly in a charging sense—of the fact that this plaintiff had been guilty of a dereliction of duty; had been guilty of misconduct; had put himself in a condition that rendered him incapable of properly performing his duties; had put him in an improper condition to undertake his duties. Upon receiving this information through this channel, the commission sent him the notice calling on him to come and purge himself. The letter expressly informed him that he was guilty of misconduct in reporting for duty while under the influence

of liquor. He was notified to appear. The time and place were fixed. He did appear. He had a hearing upon that fact. It was found by the commissioners that he was guilty of misconduct in reporting for duty while under the influence of liquor. No objections were taken to any of the proceedings; no request for further information touching the charge was made. He was found guilty, and in the proceeding and final judgment, we think the commission was not without jurisdiction, and did not act illegally. The holding of the court overruling the demurrer was wrong, and must be and is—*Reversed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.