GEORGE F. DICKEY, Appellee, v. CIVIL SERVICE COMMISSION, Appellant.

JAMES H. DUNAGAN, Appellee, v. CIVIL SERVICE COMMISSION, Appellant.

**MUNICIPAL CORPORATIONS:**   Civil Service—Jurisdiction to Discharge.   Informal charges against a policeman of misconduct, recited in and recognized tentatively by the city council by resolution filed with the civil service commission, furnish jurisdictional basis for the commission, on proper notice to the accused of the charges, to proceed to a hearing and, in a proper case, to enter an order of discharge.

**MUNICIPAL CORPORATIONS:**   Civil Service—Nature of Commission.   The civil service commission is a special tribunal of wide discretion within the jurisdictional field confided to it, and entitled to pursue a procedure unshackled by mere formality and technicality.

Substantial compliance with the statute governing it is all-sufficient.

**CERTIORARI: Review—Scope and Extent.** A writ of certiorari presents only a question of law, and does not entitle the petitioner to have a review of the facts, unless the return reveals such an absence of facts as to present a law question of arbitrary action. So held on review of the proceedings of a civil service commission.

**CERTIORARI: Return—Exclusiveness.** A party may not withhold from a tribunal an evidentiary fact and later, in a petition for a writ of certiorari, assert and prove such fact as a reason for sustaining the writ.

Headnote 1: 28 Cyc. p. 508. Headnote 2: 28 Cyc. pp. 445 (Anno.), 446. Headnote 3: 11 C. J. pp. 203, 204. Headnote 4: 11 C. J. p. 199.

*Appeal from Polk District Court.*—W. G. BONNER, Judge.

NOVEMBER 24, 1925.

REHEARING DENIED MAY 7, 1926.

PROCEEDINGS in certiorari, to review the legality of the action of the civil service commission of the city of Des Moines in discharging three police officers. The writ sued out in the lower court was sustained as to the petitioners Dickey and Dunagan, and the civil service commission appeals.—*Reversed.*

*Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*Frank Shankland, John W. McLennan,* and *Don G. Allen,* for appellee.

STEVENS, J.—I. The city council of the city of Des Moines, on September 11, 1924, by resolution directed the superintendent of the department of public safety and the chief of police of said city to suspend three police officers, viz., Captain DeVies, George F. Dickey, and James H. Dunagan, pending investigation of certain charges informally filed with the city council against them. On the same day, the chief of police issued orders of suspension, and promptly notified the civil service commission

1. MUNICIPAL CORPORATIONS: civil service: jurisdiction to discharge.

in writing of his action.  On September 15th, the commission held a meeting, and set October 2d as the date for a hearing upon the complaints made against these officers.  On September 22d, notice in writing was sent to each of them (whether by mail or messenger does not appear) of the time and place fixed for hearing and of the misconduct alleged.  The resolution of the city council which recited the acts complained of was duly filed in the office of the secretary of the commission.  The officers appeared before the civil service commission at the time and place fixed for the hearing, personally and by counsel, and evidence was offered pro and con.  The officers were found guilty of the misconduct alleged against them, and discharged from the service.  Thereupon, this proceeding was instituted in the district court.

The petition filed in the district court for the writ alleged that the civil service commission exceeded its jurisdiction in ordering the discharge of petitioners, in two particulars: (a) that no written charges or specifications of misconduct were filed against them before the commission; and (b) that the evidence offered was insufficient to justify their discharge from service.  Later, an amendment to the petition was filed, alleging that the petitioners Dunagan and Dickey were honorably discharged soldiers of the United States.  Subject to objections to its competency and materiality, the appellant admitted, on the hearing in the district court, that petitioners were honorably discharged soldiers.

No written formal charges of the misconduct complained of were filed before the commission.  The following is sufficient to indicate the basis of the action taken by the city council:

"Whereas, demand has heretofore been made by a group of reputable citizens of the city of Des Moines, interested in the activities of the National Council of Catholic Charities now in session in the city of Des Moines, for an investigation relative to the conduct of Captain DeVies and Police Officers Dunagan and Dickey, in connection with the episode on the roof of the Coliseum on the morning of September 9, 1924, wherein certain unknown persons are claimed to have taken a flash-light picture of certain pennants and flags and claimed to have been placed

on the top of said building under conditions indicating police protection in connection therewith, and * * *.''

The written notice sent to petitioners referred to the same incident, giving the date thereof, and stated that, upon final hearing, the commission would determine what should be done ''in exonerating, suspending, or discharging the police officers alleged to have assisted or protected such persons who took said photographs.''

Section 5706, Code of 1924, requires the person or body from whose ruling an appeal has been taken to the civil service commission to, within five days, file therewith written specifications of the charges and grounds upon which the ruling was based. The original action of suspension was taken by the city council. A copy of its resolution was filed with the commission, whether within five days the record does not disclose. As stated above, petitioners appeared at the time fixed, and participated in the hearing before the commission, as witnesses and represented by counsel. Before any testimony was taken, petitioners objected to their being placed on trial without the preferring of written charges. The chairman of the commission then announced that the purpose of the hearing was in the nature of an investigation, and that no specific charges had been filed, but called attention to the notice that had been sent to the parties accused, and said that, if misconduct was shown, the officers found to be guilty would be discharged. No further objection was made by counsel, and the introduction of testimony was begun. The resolution adopted by the city council was specific, and clearly advised petitioners of the misconduct relied upon. The notice sent them further advised them of the matters to be investigated, and that they were accused of misconduct in reference to the incident named. Whether a strict compliance with the statute or not, the filing of the above documents was sufficient to give the commission jurisdiction. *Mohr v. Civil Service Com.*, 186 Iowa 240; *Riley v. Crawford*, 181 Iowa 1219; *Fronsdahl v. Civil Service Com.*, 189 Iowa 1344.

The statute does not contemplate that proceedings before the commission shall be formal or technical, and a substantial

compliance therewith is sufficient.  Furthermore, petitioners, as stated, appeared, offered testimony in their own behalf, and otherwise participated in the proceedings.  It is true that no formal notice was given by the city council prior to the adoption of the resolution referred to, but the legality of its action is not before us for review.

2. MUNICIPAL CORPORATIONS: civil service: nature of commission.

II.  Section 5702, Code of 1924, prohibits the arbitrary removal of any person appointed from the civil service list which is furnished by the commission after proper examination of applicants, but authorizes such removal by a majority of such commission, after hearing, for misconduct or failure to perform the duties assigned.

The writ of certiorari is allowed by statute in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded its proper jurisdiction or to have acted illegally, and no other plain, speedy, and adequate remedy is available.  Section 12456, Code of 1924.  This court has repeatedly held that the writ presents only a question of law, and does not entitle the petitioner to have the facts reviewed. *Tiedt v. Carstensen*, 61 Iowa 334; *Hatch v. Board of Supervisors*, 170 Iowa 82; *Maxey v. Polk County Dist. Court*, 182 Iowa 366; *Wise v. Chaney*, 67 Iowa 73; *Ebert v. Short*, 199 Iowa 147; *Riley v. Crawford*, supra.  The late Justice Weaver, speaking for the court in the *Riley* case, said:

3. CERTIORARI: review: scope and extent.

"If it should be suggested that in this case the absence of evidence in support of the action of the commission is so complete that the question becomes one of law, we have to say that we think this is not the case.  It may be admitted that the showing in support of the charge is by no means conclusive, but, on the contrary, is weak and inconclusive; yet it would be going entirely too far to say that there is an entire absence of evidence on which to base a finding unfavorable to plaintiff.  The rule which prevents the court, upon certiorari or by any other proceeding, from undue and meddlesome interference in the details of municipal government, is one so manifestly wise as to deserve and command general approval.  If the law were such that every order of discharge or suspension or other meas-

ure of discipline intended to insure prompt and faithful discharge of duty by employees and ministerial officers generally could be dragged through the courts and set aside or nullified because the courts may disagree with the municipal authorities upon the merits of disputed questions of fact, discipline would be destroyed, and efficiency in public positions become a lost art. Wherever the statute has guarded the right of the officer to his position by prescribing the manner in which and means by which he may be removed, the courts will protect him in that right,—that is, the court will support his claim that the methods provided by the law shall be substantially followed; but the court will not assume or take to itself authority to try the merits of a charge which the statute has expressly delegated to another tribunal.''

We 'have examined the record for the purpose of determining whether the discharge of petitioners was arbitrary, and we are satisfied that such is not the case. With the sufficiency of the evidence to sustain the charges, its weight and credibility, the court has nothing to do.

Counsel do not, in argument, contend that the acts referred to in the testimony, if established, did not constitute misconduct. The contention is that the charges, such as they were, were not sustained, and that all that Dunagan and Dickey did was to carry out the orders of their superior officer. This was a question of fact, to be determined by the commission, whose finding was against them on this point. Furthermore, the superior officer was also found guilty of misconduct in the very matter complained of, and discharged from service. In these circumstances, petitioners could not be heard to say that they were simply obeying their superior officer.

III. What we have said above has not been with particular reference to the allegations of the amendment· to the petition for the writ, setting up that petitioners Dickey and Dunagan are honorably discharged soldiers of the United States, and entitled· to the protection of Chapter 60 of the Code of 1924. So far as material to the present controversy, this chapter is as follows:

4. CERTIORARI: return: exclusiveness.

''Sec. 1159. In every public department and upon all public works in the state, and of the counties, cities, towns, and

school boards thereof, including those of cities acting under special charters, honorably discharged soldiers, sailors, marines, and nurses from the army and navy of the United States in the late Civil War, Spanish-American war, Philippine insurrection, China relief expedition, or war with Germany, who are citizens and residents of this state, shall, except in the position of school-teachers, be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications.

"Sec. 1163.  No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari."

We have examined the return of the civil service commission, including the transcript of the evidence taken before it, and find no reference therein to this subject.  We must, therefore, assume that no claim based upon the foregoing statutes was asserted upon the trial before the commission.  First, however, as to the interpretation of the statute.  The court below held that the commission acted without jurisdiction, for the reason that "stated charges" were not filed before it.  The term "stated charges" is not a technical one, and we think it obvious that the statute does not contemplate that the charges shall be either technical or formal in character.  It does, however, contemplate that they shall apprise the person affected of the reasons upon which his proposed removal is based.  What we have already said sufficiently covers this point.  The documents filed before the commission refer specifically to the particular incident, and recite the misconduct relied upon.  Chapter 60 was not enacted for the purpose of mitigating or excusing misconduct on the part of honorably discharged soldiers, and what will amount to misconduct justifying the removal of any other person under the classified service will justify the removal of an honorably discharged soldier.  The public service is at all times to be the criterion.  The full purpose of the statute is to secure to honorably discharged soldiers a hearing, whether under the classified service or not.  In this sense, the statute is

broad and comprehensive. The right to have the charges reviewed exists only when the public department having power of removal has acted illegally or without jurisdiction. No new grounds for the writ are added. Construing Section 1163, this court has held that under it the evidence will be reviewed for the purpose of determining whether the body or tribunal removing such soldier from his position acted without jurisdiction or illegally. *Butin v. Civil Service Com.,* 179 Iowa 1048; *Riley v. Crawford,* supra.

It is, of course, fundamental that the court granting the writ is confined in its review to the return of the officer or tribunal the legality of whose action is brought in question. This being true, its action was not without jurisdiction or illegal as to a matter not before it. So far as is disclosed by the record, no member of the civil service commission knew, at the time of the hearing before it, that petitioners were honorably discharged soldiers. No claim to that effect was made. It is suggested that the records of this tribunal show that fact. We cannot presume that such is the case. This court is not permitted in this proceeding to review questions or evidence pertaining to matters not before the inferior tribunal. The record before us does not, therefore, permit a review of the facts *de novo* for the purpose of determining whether or not the charges are sustained by the preponderance of the evidence. The civil service commission was created for a particular purpose, and within its legitimate sphere its discretion is large, and its finding, unless arbitrary, is final and conclusive. The exception is the one now under consideration. This court is, for the reasons stated, without jurisdiction to review the evidence, and the judgment of the court below sustaining the writ of certiorari is reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.