WALTER W. FETTERS, Appellee, v. CHARLES GUTH, Chairman Civil Service Commission, et al., Appellants.

No. 43217.

MARCH 10, 1936.

F. T. Van Liew, C. I. McNutt, J. A. Ralls, C. A. Weaver, and D. William Ash, for appellants.

Sloane & Sloane, for appellee.

KINTZINGER, J.—On November 22, 1933, plaintiff, Walter W. Fetters, was, by a written order signed by H. A. Alber, chief of police, approved by Roscoe P. Bane, superintendent of public safety, *"indefinitely suspended"* from the police department of the city of Des Moines for "conduct unbecoming an officer."

On November 23, 1933, Fetters took an appeal from said order of suspension to the civil service commission, by serving a due and legal notice of appeal therefrom upon the civil service commission of Des Moines, notifying the commission "that said appeal will come on for hearing and trial before the Commission upon charges and grounds as may be specified," in the manner provided by chapter 289 of the Code of 1931.

On November 24, 1933, said chief of police filed with the civil service commission the following specifications and charges against said officer:

"Specification No. 1: On November 19th, he (Fetters) abandoned his regular beat on two different occasions. On one occasion he went to other parts of town on business personal to himself, and not connected with Police duties.

"Specification No. 2: He wilfully neglected the duties of

his office as a Police Officer, in that he failed to make a report as to his conduct and whereabouts on said * * * date as prescribed by police rules, that he failed to report when he left duty on that date, and that he left his beat unpatrolled and unprotected contrary to the rules and regulations of the Police Department.''

A hearing on said appeal and upon said charges was held before the commission on December 6, 1933. After said hearing, the civil service commission entered the following order:

''BE IT REMEMBERED that on the 6th day of December, 1933, the appeal of Walter F. Fetters from an Order of discharge from the Police Department of the City of Des Moines, Iowa, came on for hearing before the Civil Service Commission.

''The Commission having heard all the evidence introduced, the statements of counsel, and being fully advised in the premises, finds:

''That the appellant, Walter F. Fetters, was guilty of charges and specifications filed by the Chief of Police and that the appeal should be dismissed.

''It is therefore, ordered that the appeal of Walter F. Fetters from the order of discharge from the Police Department of the City of Des Moines be and it is hereby dismissed and the order discharging said Walter F. Fetters is hereby affirmed.'' (Signed by all members of the commission.)

A writ of certiorari was sued out of the district court, and the foregoing facts substantially constitute the record certified to that court. At the trial in the court below, it was also stipulated that if H. A. Alber, chief of police, were present, he would testify that for many years past ''he, as Chief of Police, has been 'indefinitely suspending' police officers; that he has done this to give the Civil Service Commission an opportunity to either discharge the officer or fix the term of his suspension at a definite period; that he has done this in lieu of discharging the officers; that in his mind indefinite suspension and discharge are one and the same thing.''

Upon the foregoing record, the district court in the certiorari proceedings found ''that there is nothing in the record indicating that said Walter F. Fetters was ever discharged. On the contrary, the record discloses * * * that * * * Fetters

was 'indefinitely suspended' * * *. It would therefore appear that said Fetters has never had a hearing on the question of his suspension, there being a wide difference between a suspension and a discharge.'' The case was, therefore, remanded to the commission for a hearing on the order of the ''indefinite suspension.'' From this order, defendants appeal.

It is the appellee's contention that the order for his ''indefinite suspension'' was not an order of ''discharge,'' and that the civil service commission had no jurisdiction to dismiss the appeal of Fetters from an ''order of discharge,'' when the only order made by the chief of police was one for an ''indefinite suspension.'' Appellee, therefore, contends that he had no hearing upon his appeal from the order of ''indefinite suspension.''

Appellants contend that the lower court erred in holding that the finding and order of the civil service commission was invalid because the commission had ample authority, on the showing made at the hearing on the appeal, to justify either a dismissal of the appeal from an order of ''indefinite suspension'' or an order of discharge. There was only one order made relieving appellee Fetters from his duties on the police department, and his appeal was from that order. The specifications, hereinabove referred to, charging appellee with conduct unbecoming an officer, were filed with the civil service commission before the hearing on said appeal. These charges were investigated by the civil service commission at the hearing on Fetters' appeal.

The record clearly shows that the only order made by the chief of police relieving Fetters from his duties on the police department was the order of ''indefinite suspension''; it also shows that the only notice of appeal taken was that from the order of such ''suspension''; it also shows that the only specifications and charges made against Fetters were those filed in connection with the appeal referred to. There was only one hearing had, and that was based upon the charges and specifications filed.

The order of the civil service commission was based upon *plaintiff's appeal and upon the charges and specifications of misconduct* filed. He was personally present and appeared at the hearing to resist the appeal and defend himself against the specifications and charges of misconduct filed against him and pending before the civil service commission at that time. As a result

of that hearing on the appeal and on the specifications and charges made, the commission found *"that the appellant, Walter F. Fetters, was guilty of charges and specifications filed by the Chief of Police and that the appeal should be dismissed."* It was therefore ordered "that the appeal of Walter F. Fetters from the order of discharge from the Police Department * * * *be and it is hereby dismissed and the order discharging said Fetters is hereby affirmed."* This action of the commission was unanimous.

It is obvious from this record that the commission found that Fetters was guilty of the charges and specifications filed against him, and that it was the intention of the commission to dismiss the appeal. It is also obvious from a reading of this record that the words "indefinite suspension" and "discharge" were used interchangeably by the chief of police in releasing members of the police department pending an appeal to the civil service commission.

There was only one order of release from duty; there was only one appeal; there was only one set of specifications filed in this case.

The record shows that written specifications were filed against the appellee charging him with conduct unbecoming to a police officer, and with a violation of the rules of the police department. He was found guilty of the charges so made after a hearing thereon at which he appeared. After hearing all of the evidence presented, the civil service commission unanimously found that appellee was guilty of all the charges made against him, *and dismissed his appeal.* The order of indefinite suspension was properly appealed to the civil service commission. The specifications and charges of misconduct hereinabove referred to were also properly before the commission. Without any appeal whatever, the civil service commission, under section 5702 of the Code of 1931, had jurisdiction to try appellee upon the charges and specifications of misconduct filed against him, and discharge him if they were established. Mohr v. Civil Service Commission, 186 Iowa 240, 172 N. W. 278. The fact that the commission, in dismissing the appeal, used the words "dismissed from the order of discharge," instead of from an order of "indefinite suspension," could not have been prejudicial to appellee. The main fact is that *the appeal* was dismissed, and that appeal was from the order of "indefinite suspension." It is im-

material that the commission may have mistakenly called it an appeal from an order of discharge. The matter before the commission was, in fact, the appeal from the order of suspension actually made. It may also be said that an order of discharge is broader than an order of indefinite suspension. If the evidence was sufficient to justify an order of "discharge", it was necessarily sufficient to include one of "indefinite suspension." A dismissal of the appeal was therefore proper.

Section 5702 of the Code of 1931 provides that:

"No person appointed from the civil service list shall be removed arbitrarily, *but may be removed, after hearing, by a majority vote of the civil service commission for misconduct or failure to properly perform his duties.*"

We think a decision of this case is controlled by Mohr v. Civil Service Commission, 186 Iowa 240, loc. cit. 246, 172 N. W. 278, 280. In that case a police officer was suspended for thirty days for conduct unbecoming an officer. The officer appeared at a hearing had before the civil service commission upon charges made against him, and after the hearing he was discharged from the police force. In that case this court said:

"The only ground upon which it can be claimed this tribunal acted without jurisdiction is that there were no formal charges made against this plaintiff before this commission, invoking its jurisdiction. The commission was informed—though not strictly in a charging sense— * * * that this plaintiff had been guilty of a dereliction of duty; * * * of misconduct; had put himself in a condition that rendered him incapable of properly performing his duties; * * * Upon receiving this information * * *, the commission sent him * * * notice * * * to come and purge himself. The letter * * * informed him that he was guilty of misconduct * * *. He was notified to appear. The time and place were fixed. He did appear. He had a hearing upon that fact. It was found by the commissioners that he was guilty of misconduct * * *. No objections were taken to any of the proceedings; no request for further information touching the charge was made. He was found guilty, and * * * we think the commission was not without jurisdiction and did not act illegally."

Section 5702 of the Code expressly authorizes the removal

of a police officer, after a hearing, *by a majority vote of the civil service commission for misconduct or failure to properly perform his duties.*

After the order of suspension was made, charges were filed against the officer. He had a hearing upon these charges in the manner provided by statute. At the conclusion of that hearing, he was found guilty by unanimous vote of the civil service commissioners. Having found the officer guilty of charges warranting a removal, the civil service commissioners, after a hearing thereon, had jurisdiction under the statute to remove him without any preliminary order of suspension.

The "finding" and "order" that the appeal be dismissed, made after a hearing upon the appeal, and charges filed against appellee was, in effect, an order of discharge. An order for an indefinite removal from office was made; an appeal was taken therefrom; charges upon which such removal were based were filed against him; a hearing thereon was had; and after such hearing, there was an unanimous finding by the commission that appellee was guilty of the charges made, and that his appeal be dismissed.

It is our conclusion that the civil service commission was acting within its jurisdiction in conducting the hearing on appeal and in entering the order made. As a writ of certiorari lies only where the commission is acting entirely without jurisdiction, it naturally follows that the action of the civil service commission should have been sustained. This conclusion is supported by Dickey v. Civil Service Commission, 201 Iowa 1135, loc. cit. 1138, 205 N. W. 961, 962. In that case no formal written charges of misconduct were filed before the commission. Therein we said:

"Before any testimony was taken, petitioners objected to their being placed on trial without * * * preferring * * * written charges. The chairman of the commission then announced that the purpose of the hearing was in the nature of an investigation, and that no specific charges had been filed, but called attention to the notice that had been sent to the parties accused, and said, if misconduct was shown, the officers found * * * guilty would be discharged. * * * The resolution adopted by the city council * * * clearly advised petitioners of the misconduct relied upon. * * * Whether a strict compliance with the

366

statute or not, the filing of the above documents was sufficient to give the commission jurisdiction. [Citing cases.] *The statute does not contemplate that proceedings before the commission shall be formal or technical, and a substantial compliance therewith is sufficient.* [Italics ours.] Furthermore, petitioners * * * appeared, offered testimony in their own behalf, and otherwise participated in the proceedings. * * * Section 5702 * * * authorizes such removal by a majority of such commission, after hearing, for misconduct or failure to perform the duties assigned.''

Although removals authorized under the old statute are made under rules formulated by the city council, removals under the new statute are authorized under rules provided by statute. The provisions authorizing removals after a hearing by the commission are substantially alike under each.

The record shows without dispute that the civil service commission had jurisdiction both to dismiss the appeal, and also to discharge appellee from office, after the hearing, if they found that the charges filed against him were established. After the hearing, they found appellee guilty of the charges and specifications filed against him, and thereupon ordered his appeal dismissed and his discharge affirmed. We are constrained to hold that such action of the civil service commission was, in effect, a discharge.

We find no difference in principle between this case and Mohr v. Civil Service Commission, 186 Iowa 240, 172 N. W. 278, and the ruling herein is controlled thereby.

For the reasons hereinabove set out, we are constrained to hold that the writ of certiorari should be annulled. The judgment of the lower court is, therefore, hereby reversed, with instructions to that effect.—Reversed.

DONEGAN, C. J., and ANDERSON, PARSONS, RICHARDS, and HAMILTON, JJ., concur.