CARL MISBACH, Appellant, v. CIVIL SERVICE COMMISSION OF CEDAR RAPIDS et al., Appellees.

No. 45408.

APRIL 8, 1941.

Crissman & Bleakley and G. P. Linville, for appellant.

Don Hines, for appellees.

MITCHELL, J.—Carl Misbach was an employee of the city of Cedar Rapids, Iowa, since the 31st day of October, 1934, in the capacity of a fireman and as a member of the fire department of said city; that he continued in such employment down to and including the 11th day of January, 1940; that he received a monthly compensation of one hundred fifty dollars ($150) per month.

On the 30th day of September, 1939, the chief of the fire department of Cedar Rapids wrote Misbach a letter to the effect that it would be necessary for him to discipline Misbach for certain misconduct on the 28th day of September, 1939; that his discipline would be to remain on continuous duty for a period of forty-five (45) days and to abstain from drinking intoxicating liquors in the future.

On the 30th day of September, 1939, Misbach acknowledged to the chief of the fire department the aforesaid letter and disciplinary action and agreed to accept and abide by the penalty and punishment set forth.

On the 5th day of October, 1939, the chief of the fire department addressed a letter to Edw. E. Lowe, chairman of the Civil Service Commission of Cedar Rapids, Iowa, advising him and the Civil Service Commission of his disciplinary action taken against Misbach.

On the 11th day of October, 1939, the Civil Service Commission adopted a resolution to make a thorough investigation into the case.

On the 20th day of October, 1939, the Civil Service Commission addressed a letter to Carl Misbach reviewing his record as a member of the Cedar Rapids fire department and notified him that a hearing would be had and held in the superior court room in the city hall building on October 31, 1939, at 8:30 a. m.,

and at said hearing his entire record as a member of the Cedar Rapids fire department would be investigated and the Commission would determine at said hearing from investigation of his record whether or not he had violated the rules of the Cedar Rapids fire department, and further notifying him that should said Commission from the investigation of his record find that he had violated the rules of said department, the Commission would exercise its right to either suspend or discharge the plaintiff from the department; and further notifying him to appear at said hearing at said time and place and to offer evidence and explanation of his alleged acts.

On the 30th day of October, 1939, the Civil Service Commission was enjoined by the district court in and for Linn county from holding said hearing. The injunction action was brought by Carl Misbach and on the 4th day of January, 1940, it was dissolved.

On the 5th day of January, 1940, the Civil Service Commission again addressed a communication to Carl Misbach, advising him that the hearing which was to have been held on October 31, 1939, and which was not held due to the injunction which he obtained, would be held on the 8th day of January, 1940, at 10 a. m., and further notifying him that the matters referred to in the Commission's letter of October 20, 1939, would be considered and investigated by the Commission. Misbach was again notified in said communication that he would be required to appear on the 8th day of January, 1940, and that he was privileged to have counsel and offer evidence.

On the 8th day of January, 1940, at 10 a. m., the Civil Service Commission held an investigation and hearing on the record of Carl Misbach as a member of the fire department in and for the city of Cedar Rapids, Iowa, and after hearing all witnesses who desired to be heard closed said hearing.

On the 10th day of January, 1940, the Civil Service Commission rendered its decision or ruling and suspended the said Misbach for a period of six months without pay, effective January 11, 1940, alleging that he had been guilty of misconduct, neglect of duty and failure to properly perform his duties.

On the 13th day of January, 1940, Carl Misbach filed his petition in the Linn county district court praying that a writ

of certiorari be issued commanding the Civil Service Commission, and each member, to certify a transcript of the proceedings in the matter of Carl Misbach, and asking that said order discharging Misbach be set aside. The writ was issued, a hearing held and the lower court dismissed plaintiff's petition and annulled the writ of certiorari. Misbach being dissatisfied has appealed to this court.

The first question to confront us is, has the Civil Service Commission original jurisdiction under section 5702 of the 1939 Code, or is its jurisdiction to suspend or remove civil service employees limited exclusively to appellate proceedings?

Section 5702 of the Code of 1939 is as follows:

"No person holding civil service rights as provided in this chapter shall be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter, but may be removed, demoted, or suspended after a hearing by a majority vote of the civil service commission, for neglect of duty, disobedience, misconduct, or failure to properly perform his duties."

This section first appears in section 1056-a32, subsection c, Code Supplement of 1913. In the Code of 1924 the chapter was broken into sections and the one in question appears as section 5702, in the Code of 1939.

It is the contention of appellant that section 5702 only has the effect to give the Commission appellate jurisdiction because the section prohibits arbitrary removal "except as otherwise provided," and because of the following sections providing for appeals in certain cases. But in order to make such a contention tenable it would be necessary to delete all of the words in the section following "except as otherwise provided" and to treat them as of no effect, thus violating the cardinal rule in the construction of statutes that every sentence, word and phrase must, if possible, be given effect.

In appeal cases the Commission has jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify or reverse any case on its merits.

Section 5702 provides that one holding civil service rights may be removed, demoted or suspended by the Commission, but not until a hearing has been held, and only by a majority vote of the Commission, and for certain specified reasons set out in the statute.

Dual functions are delegated to and imposed upon the Commission; first, to protect civil service employees in their jobs or positions as long as they are not guilty of misconduct or failure to perform their duties; and second, and equally, to protect the public from the consequences of the misconduct and neglect of duty of its employees. No civil service employee may be arbitrarily discharged or suspended by his superiors. He has a right of appeal to the Commission, which has power, after a hearing, to set aside or overrule a capricious removal. The Commission is protection and a shield to the civil service employee against an arbitrary or capricious removal.

In the case of Dickey v. Civil Service Commission, 201 Iowa 1135, 1139, 205 N. W. 961, 963, where there was no appeal by the civil service employee, this court said:

"Section 5702, Code of 1924, prohibits the arbitrary removal of any person appointed from the civil service list which is furnished by the commission after proper examination of applicants, but authorizes such removal by a majority of such commission, after hearing, for misconduct or failure to perform the duties assigned."

Again in Fetters v. Guth, 221 Iowa 359, 363, 265 N. W. 625, 627, where on appeal from an order of indefinite suspension the Commission after a hearing dismissed the appeal and ordered a final discharge and it was claimed that the Commission had exceeded its jurisdiction by going beyond the appeal, this court on certiorari overruled such contention, saying:

"Without any appeal whatever, the civil service commission, under section 5702 of the Code of 1931, had jurisdiction to try appellee upon the charges and specifications of misconduct filed against him, and discharge him if they were established. Mohr v. Civil Service Commission, 186 Iowa 240, 172 N. W. 278."

Also, in Luke v. Civil Service Commission, 225 Iowa 189, 196, 197, 279 N. W. 443, 447, it was said:

"In Dickey v. Civil Service Commission, 201 Iowa 1135, 205 N. W. 961, no specifications of charges whatever were filed, but in that case this court held that the filing of certain other documents and the adoption of a resolution by the city council, together with a notice sent to the accused to the effect that if misconduct was shown the officer found guilty would be discharged, were held sufficient to give the commission jurisdiction, whether in strict compliance with the statute or not. Mohr v. Civil Service Commission, 186 Iowa 240, 172 N. W. 278; Riley v. Crawford, 181 Iowa 1219, 165 N. W. 345; Fronsdahl v. Civil Service Commission, 189 Iowa 1344, 179 N. W. 874.''

So we find that this court has consistently said that the Civil Service. Commission under section 5702 has original jurisdiction. If the statute should be changed it is for the legislative branch of the government and not the judicial.

The only case cited by the appellant is the recent case of Sandahl v. City of Des Moines, 227 Iowa 1310, 290 N. W. 697, the record in that case clearly showing that the charges filed were prepared and filed by the Civil Service Commission. Reading from page 1313 of 227 Iowa, page 698 of 290 N. W., the court said:

"This record shows, without dispute, that the charges filed against Sandahl were prepared and filed by the Civil Service Commission, the same body that under the statute was to 'hear and determine' the case.''

In the case at bar, the Civil Service Commission did nothing whatever until the chief of the fire department called the matter to the attention of the Commission and advised the Commission that the appellant had been guilty of misconduct on more than one occasion and was not a fit person to be employed on the department.

The Sandahl case holds that a civil service employee is entitled to a fair and impartial trial, by a tribunal that was open-minded. That the Civil Service Commission cannot both prosecute and fairly try one charged with a violation of the rules. It must be kept in mind that the charges in the Sandahl case were

prepared and filed by the Civil Service Commission. In the case at bar the chief of the fire department forwarded to the Civil Service Commission a detailed statement of the conduct of Misbach. In addition to the chief's statement, the Civil Service Commission had before it Misbach's service record, showing his conduct since he entered the fire department. No one, it seems to us, can read the chief's letter and come to any other conclusion other than that the charges against Misbach were so complete and specific that Misbach knew definitely what he was charged with. It was the chief of the fire department who commenced the proceedings before the Civil Service Commission and not the Civil Service Commission itself. Misbach had due notice of the hearing. Many witnesses testified before the Commission. Misbach was given the privilege of appearing and being represented by counsel if he desired. He did not appear, nor did he offer any evidence. There was sufficient evidence to sustain the findings of the Civil Service Commission, and the lower court was right in annulling the writ of certiorari and dismissing the petition.—Affirmed.

HALE, C. J., and SAGER, OLIVER, MILLER, WENNERSTRUM, BLISS, and GARFIELD, JJ., concur.