PHILLIP J. O'CONNOR, appellee, v. A. V. YOUNGBLADE et al. (members of Civil Service Commission of Sioux City, Iowa), appellants.

No. 49666.

(Reported in 96 N.W.2d 457)

MAY 5, 1959.

D. M. Pendleton, of Sioux City, for appellants.

Gill & Dunkle, of Sioux City, for appellee.

GARFIELD, J.—In this certiorari action plaintiff contends an order of the Civil Service Commission, herein called the commission, of Sioux City, dismissing his appeal from his discharge, and discharging him, as a city employee, exceeds the commission's jurisdiction or is otherwise illegal. From judgment as prayed defendants, commission members, have appealed to us.

Plaintiff was a meter repairman with civil service status in the water department of Sioux City. November 22, 1957, the city manager notified plaintiff by letter he was discharged for neglect of duty, disobedience, misconduct and failure to properly perform his duties. Plaintiff with at least one friend then urged the manager to reconsider this action and give plaintiff another chance. The manager yielded to this urging and notified plaintiff November 25 the order of discharge was

modified to provide for his suspension for ten days, upon assurances he had secured the aid of Alcoholics Anonymous for the correction of his excessive use of liquor and his conduct would not again require action of the commission.

November 26 the manager notified plaintiff the city council refused to concur in his recommendation for a suspension rather than a discharge, insisted upon his discharge and passed a resolution to that effect, copy of which was attached. "Therefore, pursuant to chapter 365, Code 1954, your employment * * * is terminated as of November 18, 1957, subject to your right of appeal as provided by law."

December 6 plaintiff through his attorney, a man of experience and ability, notified the commission he "hereby appeals" from the notice of discharge of November 22, the notice of suspension of November 25 and the council's action in affirming the notice of discharge and disregarding the notice of suspension. Prayer of the notice of appeal was that the commission proceed in the matter as provided by Code chapter 365.

December 10, in response to plaintiff's notice of appeal, the city through its manager and assistant attorney filed with the commission "specifications and charges" alleging plaintiff had been guilty of neglect of duties, disobedience of orders, misconduct and failure to properly perform his duties in eight particulars, he had previously been suspended twice for intoxication, had caused disruption among his fellow employees and resented working orders from his superiors. Prayer of the "specifications and charges" was that plaintiff be discharged from his position in accordance with the council's resolution and that the commission in the exercise of its original jurisdiction consider all the facts in open hearing and make its own order, under its statutory jurisdiction, for plaintiff's discharge.

January 6, 1958, the matter came on for hearing before the commission with two of the three members present. Plaintiff appeared with his attorney and the city by its assistant attorney. Plaintiff's attorney first moved to dismiss "this appeal" (which he himself had taken) for the alleged reason the city had failed to comply with statutory requirements as to affirming the discharge or suspension in that the only matter the council could

act upon was the manager's modified order for plaintiff's ten-day suspension and its affirmance of his discharge, which was superseded by the suspension, was void. After arguments on the motion one of the commissioners, who evidently acted as chairman, announced ruling thereon would be reserved and "we will proceed with the evidence * * * subject to the legal matters raised by the motion."

Thereupon the city offered testimony of the commission's secretary, the meter shop foreman, the director of the city water department and the city manager. Plaintiff offered testimony of himself, his pastor, his wife, and a member of Alcoholics Anonymous. The evidence largely concerns plaintiff's addiction to liquor prior to his discharge and amply supports the "specifications and charges" filed by the city. Indeed plaintiff admitted intoxication during working hours and it was hard for him to resist liquor. It was also shown plaintiff joined Alcoholics Anonymous and had done no drinking since his discharge.

January 31, 1958, the commission made its ruling and order, signed by its three members, reciting that plaintiff appeared in person and by his attorney and the city by its attorney, a complete hearing was had on the matter of plaintiff's discharge, evidence was offered and arguments made and plaintiff's motion to dismiss the appeal was overruled. The commission found plaintiff guilty of neglect of duty and misconduct and that his appeal should be denied and his discharge sustained. "It is the order of the commission * * * that Phillip J. O'Connor be discharged."

June 17, 1958, the district court heard the certiorari action. The matters heretofore stated are shown by return to the writ which contains a complete transcript of the proceedings before the commission. Testimony of plaintiff, his wife and his pastor was offered, subject to the commission's objection as irrelevant and immaterial, that plaintiff joined Alcoholics Anonymous in November 1957, and since then had not used liquor.

The district court forthwith sustained the writ of certiorari on the ground plaintiff was not given notice the commission would do more than consider his contention that the council

could do no more than approve or disapprove his ten-day suspension and would proceed in the exercise of its original jurisdiction to hear the charges against plaintiff. It was also ordered plaintiff be restored to duty.

I. Chapter 365, Codes 1954 and 1958, pertains to appointment and removal of persons holding positions under civil service. In cities under the manager plan, appointments, except of chief of police and fire chief, are made by the manager. Section 365.15. A person may be removed or suspended after a hearing by a majority vote of the (Civil Service) Commission, for neglect of duty, disobedience, misconduct, or failure to properly perform his duties. 365.18. Upon any of these grounds the person having the appointing power, here the manager, may peremptorily suspend or discharge any subordinate. The manager shall report to the council any suspension or discharge he makes and the council shall affirm or revoke it "according to the facts and merits of the case." 365.19.

If the council affirms a suspension or discharge, the person may appeal therefrom to the commission. 365.20. Within five days from service of the notice of appeal the council shall file with the commission written specification of the charges upon which the ruling was based. 365.22. (Here the "specification and charges" were filed four days after plaintiff's notice of appeal was filed.) The commission shall notify the parties of the time and place for hearing the appeal. 365.23. The "commission shall have jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify, or reverse any case on its merits." 365.27.

II. Defendants-appellants rely upon the provision just quoted and of section 365.18, heretofore summarized, in contending the commission may, after hearing, remove an employee regardless of whether he has previously been removed by the person having the appointing power. The trial court held, in effect, there is no question as to this proposition and plaintiff apparently concedes it.

The concession accords with our decision in Fetters v. Guth, 221 Iowa 359, 365, 265 N.W. 625, 628, which states: "Having found the officer guilty of charges warranting a removal, the civil service commissioners, after a hearing thereon,

had jurisdiction under the statute to remove him without any preliminary order of suspension." The statute referred to is now section 365.18. This conclusion is made doubly clear by section 365.27, quoted above. Fetters v. Guth is followed in Misbach v. Civil Service Comm., 230 Iowa 323, 327, 297 N.W. 284, 286. See also Mohr v. Civil Service Comm., 186 Iowa 240, 246, 172 N.W. 278, 280.

III. Plaintiff contends and the trial court held, as stated, the commission was without jurisdiction to discharge him because he was not given notice it would proceed in the exercise of its original jurisdiction to hear the charges against him. Defendants insist their action was not in excess of jurisdiction or otherwise illegal because of lack of notice in view of the appeal taken by plaintiff and his voluntary appearance, in person and with his attorney, at the hearing before the commission on the "specification and charges."

We cannot agree with the trial court and must accept defendants' argument upon this vital point. It is true it does not appear plaintiff was given formal written notice of the time and place of hearing before the commission. But plaintiff and his attorney voluntarily appeared before it at the time and place fixed for the hearing and fully participated therein. Their attention was called to the "specifications and charges", which had been on file 27 days, in which the commission was asked to discharge plaintiff on its own order. Indeed plaintiff's notice of appeal to the commission asked that it "proceed in this matter as provided by chapter 365."

Jurisdiction of the commission over plaintiff was obtained by the voluntary appearance of himself and counsel as fully as it would have been by notice of the time and place of hearing. By such appearance plaintiff submitted himself to the commission's jurisdiction and rendered notice unnecessary. It is frequently said a general appearance is the equivalent of notice or a waiver thereof. See in support of these views Baker v. Baker, 248 Iowa 361, 364, 81 N.W.2d 1, 3, and citations; Houston v. Walcott & Co., 1 (Clarke) Iowa 86, 91, and citations; 62 C. J. S., Municipal Corporations, section 513a, page 955 ("Notice may be dispensed with when the officer appears and answers, * * *.").

█ Plaintiff made no objection before the commission to its jurisdiction because of any lack of notice to him. His motion to dismiss the appeal taken by him was based upon the city council's alleged failure to consider the manager's order suspending plaintiff and his contention the council could consider no other matter. We have held in at least two certiorari actions that "an inferior tribunal" (see rule 306, Rules of Civil Procedure) does not act in excess of jurisdiction or otherwise illegally as to a matter not before it and courts will not review questions not presented to the inferior tribunal. Dickey v. Civil Service Comm., 201 Iowa 1135, 1141, 1142, 205 N.W. 961, 964; Zilske v. Albers, 238 Iowa 1050, 1057, 29 N.W.2d 189, 193. See also Fronsdahl v. Civil Service Comm., 189 Iowa 1344, 1350, 1351, 179 N.W. 874.

This case resembles several of our precedents. In Fetters v. Guth, supra, 221 Iowa 359, 265 N.W. 625, a police officer appealed to a Civil Service Commission from an order of the police chief that he was "indefinitely suspended." After a hearing on the appeal and on charges filed with the commission by the chief, at which the officer appeared, his appeal was dismissed and "the order discharging said Fetters is hereby affirmed." We reversed the trial court for granting Fetters relief in certiorari and held he was effectively discharged. Although the opinion quite fully recites the procedural steps taken, nothing is said about any notice to Fetters of the hearing but it is twice pointed out he appeared there.

█ The Fetters decision (page 366) approves this language from Dickey v. Civil Service Comm., supra, 201 Iowa 1135, 1138, 205 N.W. 961, 962, 963: "The statute does not contemplate that proceedings before the commission shall be formal or technical, and a substantial compliance therewith is sufficient. Furthermore, petitioners * * * appeared, offered testimony in their own behalf, and otherwise participated in the proceedings."

In Misbach v. Civil Service Comm., supra, 230 Iowa 323, 297 N.W. 284, the fire chief notified a fireman by letter he was to be disciplined by being kept on continuous duty 45 days and required to abstain from liquor in the future. A copy of the letter was sent the Civil Service Commission but no other charges were filed. After notice to the fireman and a hearing

at which he did not appear, the commission removed him for six months without pay. We held that notwithstanding the lack of formal charges Misbach knew what he was charged with, and denied him relief in certiorari.

In Mohr v. Civil Service Comm., supra, 186 Iowa 240, 172 N.W. 278, the chief of police, with approval of the superintendent of public safety, notified a policeman he was suspended for thirty days for conduct unbecoming an officer. The misconduct evidently consisted of being under the influence of liquor while on duty. A hearing was had before the Civil Service Commission without the filing of any charges against the officer other than a letter from the police chief reporting his action. The commission ordered the officer discharged. We reversed the trial court for overruling the commission's demurrer to the officer's petition in certiorari and held the commission did not exceed its jurisdiction nor act illegally.

Dickey v. Civil Service Comm., supra, 201 Iowa 1135, 205 N.W. 961, is another case in which no formal charges were filed with the Civil Service Commission against police officers who were suspended pending an investigation. Following a hearing before the commission it ordered them discharged from service. "Before any testimony was taken, petitioners objected to their being placed on trial without the preferring of written charges." (Page 1138 of 201 Iowa.) We held, reversing the trial court, the officers were sufficiently informed of the misconduct relied upon, offered testimony in their own behalf, otherwise participated in the proceedings, and the commission was not without jurisdiction to discharge them.

The Dickey opinion (at page 1139 of 201 Iowa) quotes this with approval from Riley v. Crawford, 181 Iowa 1219, 1223, 165 N.W. 345: "The rule which prevents the court, upon certiorari or by any other proceeding, from undue and meddlesome interference in the details of municipal government, is one so manifestly wise as to deserve and command general approval."

Allgood v. Oskaloosa, 231 Iowa 197, 1 N.W.2d 211, also has a bearing upon the present controversy. We are cited to no authority which supports the trial court's decision.

IV. Plaintiff seeks to sustain the court's judgment upon a ground there urged but not accepted—that the commis-

sion conducted the hearing with only two of the three commissioners present to take part therein, observe the witnesses and hear arguments of plaintiff's counsel. Of course it is proper for plaintiff, without appealing, to attempt to uphold the decision upon a ground advanced by him even though the decision is not placed thereon. Pohler v. T. W. Snow Constr. Co., 239 Iowa 1018, 1022, 33 N.W.2d 416, 418, and citations; Katz Investment Co. v. Lynch, 242 Iowa 640, 646, 47 NW.2d 800, 804.

It is true only two of the three commissioners heard the evidence and arguments of plaintiff's counsel but all three signed the ruling and order of discharge. In argument here plaintiff says the absent commissioner "apparently reviewed the transcript of the record and testimony" but he is criticized because the ruling does not state his absence from the hearing and because he did not withdraw from the decision in the interest of fairness.

The commission's own record showed two prior suspensions of plaintiff, without pay, for intoxication. The council's resolution authorizing plaintiff's discharge and a transcript of two court convictions of plaintiff in November 1957 for intoxication were put in evidence at the hearing and were available to the absent commissioner.

We cannot agree plaintiff is entitled to relief in certiorari because of absence of one commissioner from the hearing. Plaintiff made no claim to the commission of lack of jurisdiction or illegality, nor objection at the hearing, upon this ground. He was represented at all times by experienced counsel (although not by his attorney upon this appeal). The question now urged was first raised in the petition in certiorari. As we observed in Division III the commission did not exceed its jurisdiction or act illegally as to a matter not presented to it. Dickey v. Civil Service Comm., supra, 201 Iowa 1135, 1141, 1142, 205 N.W. 961, 964; Zilske v. Albers, supra, 238 Iowa 1050, 1057, 29 N.W.2d 189, 193. See also Thompson v. City of Long Beach, 41 Cal. 2d 235, 259 P.2d 649, 653.

Aside from what is just said, the point now advanced is without merit. Section 365.18, as stated, confers power to remove a person after a hearing by a majority vote of the commis-

sion upon any of the grounds specified. Thus the vote of the two commissioners who heard the evidence would have been sufficient for removal. Our attention is not called to any statute that required all three commissioners to be present at the hearing.

Section 4.1(4), Codes 1954 and 1958, provides: "Words giving a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of them, unless it be otherwise expressed in the act giving the authority." Similar statutes exist in many other states. And the quoted rule is declaratory of that prevailing generally in the absence of statute. A proviso to this rule, adopted by some courts, is that all members of the board or commission have notice and opportunity to act. It is not shown here that the commissioner who was absent from the hearing did not have notice of it and opportunity to be present.

Authorities in addition to section 4.1(4) in support of these views include: Plymouth Coal Co. v. Commonwealth of Pennsylvania, 232 U. S. 531, 547, 34 S. Ct. 359, 58 L. Ed. 713, 720; National Labor Relations Board v. Ohio Calcium Co., 6 Cir., Ohio, 133 F.2d 721, 724; Austin-Western Road Machinery Co. v. Fayette County, 5 Cir., Ga., 99 F.2d 565, 568; Congress Bank & Trust Co. v. Brockett, 111 Conn. 490, 150 A. 742; State ex rel. Laughlin v. Porter, 113 Ind. 79, 14 N.E. 883, 884; State ex rel. Board of Regents v. Zimmerman, 183 Wis. 132, 197 N.W. 823, 829; 67 C. J. S., Officers, section 109a.

The only authority plaintiff cites on this phase of the case is Sandahl v. City of Des Moines, 227 Iowa 1310, 290 N.W. 697. It is not inconsistent with the views here expressed.

A desire to give plaintiff another chance, in addition to several prior chances he has had, to demonstrate he can refrain from such excessive use of liquor as interferes with performance of his duties is understandable. But if leniency is to be shown him it should be by the municipal authorities. Such a consideration affords no basis for relief in this proceeding.

The judgment sustaining the writ of certiorari is reversed, the writ is annulled and plaintiff's discharge by defendant commissioners is sustained.

■ The cost of printing the record and briefs was certified at $2.40 per page. We regard this as excessive. The clerk will tax the cost of printing the record and appellants' briefs at $1.50 per page.—Judgment reversed and writ annulled.

All JUSTICES concur.