**CITY OF BETTENDORF, Appellee,**

v.

**Officer Paul KELLING, Appellant.**

**CITY OF BETTENDORF, Appellee,**

v.

**Officer Gary RICHARDSON, Appellant.**

**No. 89–1571.**

Court of Appeals of Iowa.

Nov. 29, 1990.

John J. Carlin of Carlin, Hellstrom & Bittner, Davenport, for appellants.

Gregory S. Jager, City Atty., for appellee.

Heard by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Officer Paul Kelling and Officer Gary Richardson are police officers for the City of Bettendorf. On April 27, 1988, the Bettendorf Chief of Police disciplined Richardson by dismissing him from the police force, and disciplined Kelling by suspending him for thirty days. The officers appealed the discipline to the Bettendorf Civil Service Commission, pursuant to Iowa Code chapter 400 and asserted in essential part they were appealing "the suspension (termination) without pay as evidenced by the April 27, 1988, letter of Decker P. Ploehn, Chief of Police."

During the course of the trial, the parties agreed that after the filing of the notice of appeal to the civil service commission (com-mission) the attorney for the officers called to the attention of the city attorney procedural errors which were made by the City and the Chief of Police, in the issuance of the disciplinary actions. The chief of police, after reviewing the allegations of procedural errors, determined the prior discipline should be rescinded. By letters dated May 17, 1988, he notified Kelling that his suspension under the April 27, 1988, decision was rescinded and Richardson that his termination was rescinded. However, in the same letters, he notified the officers they were suspended, but with full pay, while the matter was reconsidered.

The City filed a motion before the commission seeking to have the appeals dismissed, alleging as grounds that "the City has reinstated both officers with full pay." It is clear from the record, however, that the officers remained under suspension. The commission entered an order reinstating the officers and overruling the motion for dismissal.

The City then filed an appeal to the district court. The court, although recognizing that the officers were yet under suspension, determined the commission should have dismissed the appeals once the officers had been reinstated with pay by the May 17 letter. The court found the City should have the ability to correct procedural defects. The court then vacated the decision of the commission so as to allow the City to investigate and take appropriate disciplinary action if deemed necessary.

Kelling and Richardson each filed an appeal, and these have been consolidated for appellate review. They claim the commission retained jurisdiction of their cases because they were still suspended with pay after the May 17 letter, and therefore were still subject to disciplinary action.

Under section 400.22, within fourteen days of an appeal before the commission, the City must file a written specification of the charges and grounds for its action. If such charges are not filed the employee must be reinstated for want of prosecution. The court found that section 400.22 did not apply under the facts of this case. The

officers, on the other hand, contend the City failed to file the required charges and therefore the commission had a duty to reinstate them.

## I.

■ Our review of the district court's ruling is de novo and though we give weight to the trial court's findings of fact, we are not bound by them. *Millsap v. Cedar Rapids Civil Service Commission,* 249 N.W.2d 679, 684 (Iowa 1977). At the time of trial, the attorneys attempted to simplify this dispute by identifying the questions that needed to be resolved by the court. The court then focused on those questions. We concur in several of the court's findings, but must reverse as to the result reached.

## II.

The police officers appealed the original suspension and termination orders to the civil service commission in accordance with section 400.20. That section provides:

The suspension, demotion or discharge of a person holding civil service rights may be appealed to the civil service commission within fourteen calendar days after the suspension, demotion, or discharge.

Once the appeal was taken to the commission, the City, under section 400.22 of the Iowa Code, was required to within fourteen calendar days from the service of the notice of appeal file with the commission a written specification of the charges and grounds for its disciplinary action. Under that section, if the charges are not filed, the person suspended or discharged, has the right to present the matter to the commission by affidavit setting forth the facts, and thereafter the commission is to immediately enter an order reinstating the person suspended or discharged for want of prosecution.

In this respect, section 400.22 of the Iowa Code provides:

within fourteen calendar days from the service of the notice of appeal, the person or body making the ruling appealed from shall file with the body to which the appeal is taken a written specification of the charges and grounds upon which the ruling was based. If the charges are not filed, the person suspended or discharged may present the matter to the body to whom the appeal is to be taken by affidavit, setting forth the facts, and the body to whom the appeal is to be taken shall immediately enter an order reinstating the person suspended or discharged for want of prosecution.

The City did not file the charges as required under section 400.22. It did file a motion asking that the appeal be dismissed on the grounds that the officers had been reinstated, and therefore an appeal was unnecessary.

However, the record substantiates that the officers had not been reinstated, but in fact had been placed under suspension, albeit with full pay. Those were the circumstances brought before the commission and the trial court.

■ Once the appeal was taken by the officers, the commission had jurisdiction of the matter under Section 400.20 of the Code. It goes without saying that the City had no right to dismiss the appeal. Any future action as it relates to the appeal was in the hands of the commission. Section 400.18, et al.

■ However, the trial court was correct in its holding that the City had the right to file a motion to dismiss. Once the motion was filed, the commission was then under an obligation to rule on it.

■ We also agree with the trial court that prior to the hearing on the merits before the commission, the City had the right, once it discovered procedural errors in the implementation of its discipline, to withdraw its discipline without prejudicing its right to reevaluate and, if it deemed necessary, to reissue the discipline. We concur with the trial court when it held, "To require the City of Bettendorf to proceed with the disciplinary action knowing that procedural defects took place would put them in a position of denying its employees the very rights guaranteed to them under Chapter 400 of the Iowa Code."

■ The trial court found that since the City rescinded the original disciplinary action within fourteen days, that the officers were no longer suspended, and therefore the examination of the proper disciplinary action should start anew. The trial court, in effect, determined that suspension with pay was not a disciplinary action. It is here that we disagree with the trial court and accordingly reverse.

We turn to chapter 400 of the Iowa Code for the resolution of this problem. Section 400.18 provides:

No person holding civil service rights as provided in this chapter shall be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter, but may be removed, demoted, or suspended after a hearing by a majority vote of the civil service commission, or neglect of duty, disobedience, misconduct, or failure to properly perform his duties.

We set forth section 400.20 above. That section gives appellate rights to a person under suspension. Section 400.21 sets forth the procedure that must be followed by a person suspended in the giving of notice of appeal. Section 400.22 explains the rights a person suspended has if charges are not filed in accordance with that section. It is "suspension" that the pertinent sections of Chapter 400 focuses on.

We hold that since the officers were yet under suspension at the time of hearing before the commission that the City was under an obligation to perform in accordance with section 400.22. We do not necessarily disagree that if the City had completely and unconditionally reinstated the police officers to the position they enjoyed prior to the original letters of suspension and termination that the City would not be required to file charges for rather obviously no charges would be pending. But that is not the case here for they were yet under suspension.

Procedurally, we believe the City should have asked the commission to rule upon its motion to dismiss before the commission addressed the circumstances under section 400.22. The City did not raise this procedural problem either before the commission, the district court, or us. Therefore, we need not rule on whether the fourteen-day requirement under section 400.22 may be extended to give the right to the City to file charges in the event the motion to dismiss is overruled.

■ The purpose of the Civil Service Commission has been set out by the Iowa Supreme Court:

Dual functions are delegated to and imposed upon the commission: First, to protect civil service employees in their jobs or positions as long as they are not guilty of misconduct or failure to perform their duties; and second, and equally, to protect the public from the consequences of the misconduct and neglect of duty of its employee. No civil service employee may be arbitrarily discharged or suspended by his superiors. He has a right of appeal to the commission, which has the power, to set aside or overrule a capricious removal. The commission is protection and a shield to the civil service employee against an arbitrary or capricious removal.

*Misbach v. Civil Service Commission of Cedar Rapids*, 230 Iowa 323, 327, 297 N.W. 284, 286 (1941). With the aforesaid functions in mind, we do not question the motive of the City. We believe it acted in good faith. Perhaps it intended to unequivocally reinstate the officers with full pay. But the fact yet remains that a suspension was invoked. We hold that a disciplinary act takes place regardless of whether the suspension is without pay or with pay. It is the suspension that is the determining factor.

We reverse the trial court and reinstate the decision of the civil service commission.

REVERSED.