**Al SCHRICHTE, Appellant,**

v.

**John J. BORNHORN, As Chief of Police of the City of Covington, Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 13, 1964.

**684**

lieutenant and assigning two of the lieutenants in the department to duty in the detective division. No changes in pay were involved. Schrichte brought this action against the chief for a declaration of rights and injunctive relief. He appeals from a judgment upholding the chief's authority to make the transfers.

■ Control of the police department of a second or third class city, including the appointment and "grading" of personnel, is vested by KRS 95.430 in its legislative body. The title or denomination of "detective" is recognized (for whatever significance that may have) by the terminology of KRS 95.430(4) in providing that the number of "firemen, policemen, *detectives* and officers of the police and fire departments shall be such as the city legislative body may ordain." (Emphasis added.)

By an ordinance enacted in 1942 the city commission prescribed a manual of rules and regulations for the administration of the police department. Pertinent excerpts from the manual are as follows:

"Section 4. *Relative Rank.* The members of the police department shall rank in the following order: Chief, Assistant Chief, Lieutenants, Sergeants, Detectives, Telephone Operators and Patrolmen, and Superintendent of the Bureau of Identification."

"Section 5. *Chief of Police.* * * * 7. He shall have the power to assign or transfer any member of the Police Department where such transfer or assignment is for the benefit of the department and is in conformity with the law."

"Section 7. *Detectives.* 40. Members of the force assigned to the Detective Bureau shall be under the immediate control of the Chief of Police, or other superior Officers on Duty."

"Section 16. *Transfers and Details of Assignments.* 210. The Chief of

Daniel W. Davies, Newport, for appellant.

E. H. Henry, Rodney S. Bryson, Covington, for appellee.

Charles J. Schear, Newport, amicus curiae.

PALMORE, Judge.

The appellee, as Chief of Police of the City of Covington, promulgated an intradepartmental order assigning detectives Al Schrichte and Emmett Ireland to a "regular line shift" with the rank of acting first

Police may make such assignments and transfers as he deems for the best interest of the department."

Later on, in 1949, using the initiative procedure of KRS 89.610, the voters of the city forced the enactment of an ordinance setting forth the positions of employment in the various departments of its government and prescribing the salaries of each. The section applicable to the police department calls for five lieutenants at a salary of $287.40 per month and ten detectives at the same salary. This ordinance did not purport to define the duties incident to the enumerated positions. On the contrary, it provided that "said officers, agents and employees shall perform the various duties respectively as provided by law and the ordinances of the City of Covington."

Appellant contends that the rank or "grade" of detective is recognized by KRS 95.430 and established for the City of Covington by the 1949 ordinance, and that having been appointed to that grade by the legislative body of the city he cannot be removed from it by action of the chief of police. A corollary argument is that there is no such grade as "acting lieutenant."

KRS 95.450(1) provides that a member of the police or fire department of a city of the second or third class shall not be "reduced in grade or pay" except for cause and after a hearing on appropriate charges. In this connotation we are of the opinion that the term "grade" means rank, whereas it appears that appellant interprets it more broadly as job classification. Obviously, by use of the word "reduced" the statute envisages a vertical scale. If a man is transferred without a loss in pay rate from one job category to another with comparable authority, his classification is changed but his grade is not reduced. That is what has happened in this case. The men in question have been re-assigned without a change in grade.[1]

We are unable to find anything in the applicable statutes and ordinances that prevents the chief of police from assigning a detective to duty in another division of the police department. The detectives have no authority and no duties except as they are set forth in the 1942 manual, and this is the same document that gives to the police chief the power of transfer and re-assignment over them. Therefore, construing all of the provisions in the manual as consistent one with the other, their duties are bound to be subject to such right of transfer and re-assignment. If this analysis is correct, and we believe it is, there can be no doubt that any member of the police department, regardless of title, can be assigned to other duties with comparable authority if the chief deems it to the benefit of the department. Hence the case boils down to a simple question of what the man's title is going to be when he is so re-assigned.

We cannot escape the conclusion that the provisions of the 1942 manual clearly delegate to the chief of police the power of transfer and reclassification. This being true, it would be absurd to say that he could not redesignate titles accordingly.[2] But even if it were assumed that a person appointed as a detective by the legislative body could not be divested of his official title by the police chief, that circumstance would not be inconsistent with assignment of the detective to duties normally performed by a person with another title. As a matter of fact, the order of the chief in this instance did not purport to re-designate the title of any of the officers involved. It merely provided that the detectives have the *rank* of acting lieutenant—in other

1. Unless it be considered an upward change in view of the relative order of rank provided in Sec. 4 of the 1942 manual.

2. It was held in City of Middlesborough v. Grubbs, Ky., 363 S.W.2d 95, 97 (1962), that the statutes pertinent to this case do not guarantee mere titles.

words, a rank equivalent to that of a lieutenant. This served two purposes: (1) It made clear that their grade was not reduced, and (2) since they were being assigned from staff to line duty it fixed their status in the chain of command. We do not find this to have been improper.

The judgment is affirmed.