CHIERO *v.* BUREAU OF MOTOR VEHICLES.

(No. 75CV-09-3977—Decided February 1, 1977.)

Court of Common Pleas of Franklin County.

*Ms. Mary Catherine T. Bavis,* for appellant.
*Mr. John T. Conroy,* assistant attorney general, for appellee.

MARTIN, J. This cause is before the court on appeal from the order of the State Personnel Board of Review,

dated September 10, 1975. In that Order, the board dismissed the appeal of Mr. Chiero in which he claimed he was transferred to a new job which resulted in a reduction in position in his employment with the Bureau of Motor Vehicles.

Appellant contends that the decision of the board is not supported by reliable, probative and substantial evidence, and is not in accordance with law.

The evidence presented at the May 1, 1975, hearing before the board clearly showed that prior to February 18, 1975, appellant was the supervisor of the point section, the implied consent section, and the remedial school, within the drivers license section of the Bureau of Motor Vehicles. Following his return to the central office on March 19, 1975, from an invalid transfer to some warehouse, appellant was placed in a job which had the title of Assistant Supervisor for the point section. However, the evidence clearly showed that appellant was a "supervisor" in title only, and that he had neither the duties, responsibility, or authority to supervise anybody. The evidence showed that various people went to appellant with work related questions, but this was because they knew him to be the man who would have the answers, and not because he was a "supervisor."

Seven days after his return, appellant was transferred to another job with the title of Assistant to the Coordinator. Appellant has no supervisory duties; he sits at a desk without a phone, collects written information and supervises no one. He can make a recommendation, but he can't make a decision.

An appointing authority may not give lip service to the law by transferring a classified employee to a new position with a job title and description which purports to conform with the requirements of Chapter 124 of the Ohio Revised Code but which, in fact and in practice, is a reduction in position.

There is very little testimony supporting the contention that appellant's transfer was not a reduction in position. And some of the testimony is suspect concerning its reliability and probative value (i. e., testimony from the

person who was given the position from which appellant was transferred).

The court notes that at the outset of the hearing the chairman stated that "* * * the burden would be upon the appellant."

It is a fundamental concept in administrative law and procedure that the party asserting the affirmative of an issue bears the burden of proof. *Goodyear Synthetic Rubber Corp.* v. *Dept. of Indus. Relations* (C. P. Franklin Co. 1954), 76 Ohio Law Abs. 146, 122 N. E. 2d 503; 1 Ohio Jurisprudence, Administrative Law and Procedure, Section 103 (1953).

It was clearly the Bureau of Motor Vehicles (not the appellant) which was asserting the "affirmative," *i. e.*, that the transfer of appellant was proper and valid under the law. Thus, the burden of proof should have been on the bureau to establish by reliable, probative and substantial evidence that the action it took was in accordance with law. And, incidentally, the bureau should have been allowed to open and close with evidence and argument.

This court finds that the decisions of the Personnel Board of Review, which are (1) that the appellant did not suffer a reduction in position following his return to the central office on March 19, 1975, and (2) that the required procedures prescribed in R. C. 124.32 through 124.34 were followed, are not supported by reliable, probative or substantial evidence. This court further finds that the order of the board dismissing the appeal is not in accordance with law.

The order of the Personnel Board of Review is hereby reversed, and this cause shall be remanded for further action consistent with this opinion and in accordance with law.

*Order reversed and cause remanded.*