CITY OF PADUCAH; Mayor John Penrod; Commissioners: Joe Viterisi; Harold Ford; Robert Coleman; and Jim Flynn, Appellants,

v.

Paul MOORE, Appellee.

Court of Appeals of Kentucky.

Jan. 13, 1984.

James W. Utter, Paducah, for appellants.

Royce W. Buck, James W. Owens Chartered, Paducah, for appellee.

Before HAYES, C.J., and MILLER and DUNN, JJ.

DUNN, Judge.

The appellants, City of Paducah and its Mayor and Board of Commissioners, bring this appeal from the judgment of the McCracken Circuit Court reinstating the appellee, Paul Moore, to the position of Department Head for the Department of Building, Electrical, Construction and Code Enforcement from which he had been transferred by the Board of Commissioners to a new position as head of a newly created Department of Safety and Street Inspection. We affirm.

Moore had been hired by the City of Paducah in December, 1971. In September, 1972, he became department head for the Department of Building, Electrical, Construction and Code Enforcement. On May 5, 1981, the city's Board of Commissioners created a new Department of Safety and Street Inspection. Concurrent with the creation of that department, Moore was transferred at the same salary from his prior position to head of the newly created department. Moore filed this action in the McCracken Circuit Court on May 8, 1981, challenging the city's authority to make such transfer and asked the Court to reinstate him to his former position. That complaint and two amended complaints were ultimately considered by the trial court in ruling on Moore's motion for summary judgment. In sustaining his summary judgment motion, the trial court denied other relief sought by Moore other than vacating his transfer and reinstating him to his former position. It is on the issue of the granted relief that this appeal is advanced.

The City and its Mayor and Board of Commissioners all were defendants in the suit in the trial court. They, as appellants, for their first ground on appeal, maintain that the trial court erred in not sustaining their motion to dismiss the complaint. The motion was based on the grounds that the complaint failed to state a claim on which relief could be granted and on the additional ground that Moore was not dismissed by the City as contemplated in KRS 90.360 and KRS 90.380.

KRS 90.360(1) provides:

No employe in the classified service of a city of the second or third class shall be dismissed, suspended or reduced in grade or pay for any reason except inefficiency, misconduct, insubordination or violation of law involving moral turpitude, or, in a city of the third class, violation of any rule adopted by the city legislative body or civil service commission.

The pertinent parts of KRS 90.380 are: (1) The city legislative body shall fix by ordinance the number and classification of city employes, and the salaries for each classification. When the number of employes and their classification has been fixed by ordinance, no employe shall be dismissed, suspended or reduced in grade or pay for any reason except that set out in KRS 90.360.

(2) Provided, further, that: Whenever in the exercise of a reasonable discretion, it shall be the judgment of the legislative body of the city that economic necessity requires it, or that there is no longer a need for a particular office or position to exist, the board of commissioners may abolish said office or position and any officer or employe occupying said office or position may be laid off or suspended until and if such office or position is recreated or re-established. The abolition of any office or position must not be a subterfuge to effect another purpose, but must be actual and bona fide and must not amount to the mere alteration, modification or abolition of title, only....

No one quarrels with the appellants' argument that the city has the power to transfer or even discharge employees at will. The right to do so, however, is restricted by Statutes of the Commonwealth of Kentucky. The language of KRS 90.-360(1) above is quite clear in prohibiting reduction in grade of a classified service employee of the City except for cause and after a hearing upon appropriate written charges. In interpreting identical language concerning prohibition against reduction in grade provided for in KRS 95.450(1), our former Court of Appeals stated in *Schrichte v. Bornhorn,* Ky., 376 S.W.2d 683 (1964):

... we are of the opinion that the term 'grade' means rank, whereas it appears that the appellant interprets it more broadly as job classification. Obviously by the use of the word 'reduce,' the Statute envisages a verticle scale. If a man is transferred without a loss in pay from one job category to another with comparable authority, his classification is changed, but his grade is not reduced.

Conversely, therefore, it follows that transfer from one job category to another with lesser authority is a reduction in grade and is prohibited by KRS 90.360 except for cause and after a hearing on appropriate charges. Appellants' first issue of whether the motion to dismiss should have been granted hinges on whether there was a reduction in grade and also on whether or not the creation of the new department and new job assignment, although not an abolition of his former office or position, was to the same effect if it were created as a subterfuge in order to avoid the restrictions of KRS 90.360. Subterfuge of this kind is prohibited by KRS 90.380 above. In view of our holdings to follow in response to these two questions, we hold the trial court's failure to sustain the motion to dismiss was not error.

The appellants' next contention is that the trial court, in granting Moore reinstatement to his former position, erroneously applied the above-recited Civil Service Statutes in making its decision. They argue that there was no proof before the trial court that Moore was a civil service employee and entitled to civil service protection.

They maintain the record is void of any proof that Moore was so entitled. They also maintain that there is no proof in the record as to what his duties were in his prior position and what his duties are in his present position. Without proof in these regards, they allow that the trial court was unable to determine that he was not only not entitled to the protection of the Civil Service Statutes but also could not determine whether there had been any reduction in grade because of the lack of proof of duties.

■ In considering a motion for summary judgment, a trial court has two questions to consider: 1) are there any disputed, material factual issues, and 2) is the movant entitled to judgment as a matter of law. In so doing, the trial court is obliged to draw all inferences in favor of the nonmovant. *Maggard v. McKelvey*, Ky.App., 627 S.W.2d 44 (1981); *Shah v. American Synthetic Rubber Corp.*, Ky., 655 S.W.2d 489 (1983). In considering the matters, the trial court may consider all the pleadings before it, depositions, and admissions by the parties.

■ Our review of the record reveals that there was unchallenged proof before the court in various depositions that Moore enjoyed civil service status. Appellants also unequivocally admitted so in several memoranda filed in support of its motion to dismiss and in opposing Moore's motion for summary judgment. There was no contradiction of it, and patently there is no genuine issue concerning this material fact.

■ The same is true with respect to proof of Moore's prior duties and his present duties. An unchallenged description of both is contained in the record before the trial court in the ordinances of the City of Paducah in which both positions were described. The appellants' contention in regard to the absence of facts to establish the necessary criteria of no genuine issue of material fact being present for the trial court's consideration is totally without merit.

■ The appellants also are of the opinion that the trial court relied on the statutes relating to first class cities only in determining that Moore had been reduced in grade by the action of the City of Paducah. We disagree. The trial court did refer to KRS 90.110 in defining the term "demotion." It quoted from the statute the effect of the definition of that term as provided for in the act's subparagraph (19) when the trial court referred to the meaning as being a change from a position involving a decrease in responsibility or a change of title. It also quoted from 62 C.J.S. *Municipal Corporations* § 736 (1949), at 1510, with regard to defining the term:

Demotion means a reduction to a lower rank or grade, and there may be a demotion in the type of position although the salary remains the same.

■ The trial court's reference to the first class city statute obviously was not the basis for its deciding that Moore had been reduced in grade. It was only for definitive purposes. We agree with the trial court in its definition, and we agree that the definition as contained in KRS 90.110 and as contained in 62 C.J.S. § 736, p. 1510, *supra,* are applicable in interpreting the term "reduced in grade" referred to in KRS 90.-360(1) above. It is consistent with the language contained in *Schrichte v. Bornhorn, supra,* that refers to "comparable authority."

■ Here, there is no dispute that Moore in his prior position as department head supervised 11 other employees, whereas in his new position, he supervises no one. Even though the City calls it a department, it is, nonetheless, a one man department. The City may refer to Moore as being a department head; nonetheless, there is no one for him to supervise or be the head of. Appellants seem to confuse and seem to be able to make no distinction between the conception of a job position of authority viz-a-viz a job position of importance. Certainly the functions of the new department are important as are the functions of the department to which Moore had originally been assigned. The test with which we are concerned, however, involves the issue of

job responsibility. In his prior position, Moore had the responsibility and authority to supervise numerous employees. In his new position, he was a department head in title only; he had neither the duties, responsibility, nor authority to supervise anybody. We agree with the trial court as well as the holding of an Ohio court in *Chiero v. Bureau of Motor Vehicles,* 55 Ohio Misc. 22, 381 N.E.2d 219 (1977). In that case, in a similar factual setting, the court held:

> An appointing authority may not give lip service to the law by transferring a classified employee to a new position with a job title and description which purports to conform with the requirements of Chapter 124 of the Ohio Revised Code, but which, in fact and in practice, is a reduction in position.

We conclude that the trial court did not err in finding and holding that Moore had been reduced in grade contrary to the provisions of KRS 90.360.

As a final and what seems to be a desperate argument, the appellants submit to this court the proposition that the Board of Commissioners had the inherent authority in managing the City of Paducah to transfer Moore, a department head, even though a technical violation of the Civil Service Statutes may have existed in their doing so. The answer is obvious. There is no such inherent authority.

As indicated in the appellants' brief, the Board of Commissioners was apparently dissatisfied with Moore's job performance in his prior position, and it was for. this reason they created the new department and transferred him. The City's motive in doing what they did is not before the court on this appeal except with respect to the ultimate result of the motive, the creation of a subterfuge in order to accomplish what they wanted to do. If the City felt that Moore's job performance was unsatisfactory, it was obliged to follow the statutory mandate and prefer written charges against him.

In view of the above holdings rendering it moot, it is not necessary for us to address the remaining issue advanced by appellants that the trial court erred in holding that Moore was illegally appointed the head of the newly created Department of Safety and Street Inspection because the requirements of KRS 90.350 were not met.

The judgment of the McCracken Circuit Court is AFFIRMED.

All concur.