Sandy **HOCKENSMITH** and John Lowery, Appellants,

v.

**CITY OF FRANKFORT** and Ted W. Evans, Chief of Police, Appellees.

Court of Appeals of Kentucky.

April 4, 1986.

Rehearing Denied Oct. 31, 1986.

Discretionary Review Denied by Supreme Court March 3, 1987.

Phillip Shepherd, Frankfort, for appellants.

Allen Prewitt, Jr., Frankfort, for appellees.

Before HOWARD, COMBS and DUNN, JJ.

DUNN, Judge.

Appellants, both police officers for the appellee City of Frankfort, appeal from the order of the Franklin Circuit Court denying their motion for summary judgment and granting the city's motion for summary judgment against them. We affirm.

We need not burden this opinion with facts, all of which are already known to the parties and their counsel. We include only those necessary for intelligent review.

Both have been police officers with the city for at least 10 years. Hockensmith has been a detective with the police department CID for 14 years and Lowery for 1½ years.

Under the city's ordinance concerning detectives, the position of detective in the CID is a duty assignment with temporary status only and those serving in this position retain their permanent rank established by civil service procedures. The ordinance also provided that those so serving do so under the direction of the chief of police and that they shall perform such other duties as may be assigned to them. Reassignment shall be only for reasons stated in writing by the chief to the Board of Commissioners.

On December 17, 1984, both appellants and Sgt. Courtney, not a party hereto, were reassigned by the appellee Police Chief Evans to another duty assignment in the Police Patrol Division pursuant to the chief's memorandum to appellants' and Sgt. Courtney's supervisors, Capt. Redman, Lt. Semones and Lt. James McGaughy, with copies

to each reassigned officer with another placed in each personnel file. That memorandum was accompanied by another of the same date from the chief to Paul H. Royster, the City Manager, for delivery to the city's Board of Commissioners giving his reasons for reassignment of the three officers from the detective duty assignment as required by the ordinance. The reasons given for the reassignment were that disharmony and animosity existed internally in the CID and much of the blame for it was placed on Hockensmith and Lowery. The record does not reveal what form this problem took but that abnormal steps were needed to solve it, including appellants' reassignment. Its circulation seems to have been limited to the city manager and the four officers, including appellants and Sgt. Courtney, mentioned therein. That's all the record reveals. It was not placed in appellants' or the others' personnel files. Appellants' contention that it received widespread publicity is not borne out by the record.

Appellants call our attention to KRS 95.450(1) which provides:

Except as provided in subsection (5) of this section no member of the police or fire department in cities of the second and third classes or urban-county government shall be reprimanded, dismissed, suspended or reduced in grade or pay for any reason except inefficiency, misconduct, insubordination, or violation of law or of the rules adopted by the legislative body, and only after charges are preferred and a hearing conducted as provided in this section.

In the trial court the appellants maintained, as they do here, that the reassignment constitutes a reduction in grade and the statute required charges be prepared and a hearing thereon be conducted. As a result of the city's failure to do so, they argue the statute was violated and the reassignment should be vacated. They also argue their constitutional right to due process was violated and they seek 42 U.S.C. § 1983 relief.

■ We agree with the basic proposition appellants cite as established in *Schrichte v. Bornhorn*, Ky., 376 S.W.2d 683, 685 (1964), construing KRS 95.450(1):

... If a man is transferred without a loss in pay rate from one job category to another with comparable authority, his classification is changed but his grade is not reduced.

However, we disagree with their application of our reasoning in *City of Paducah v. Moore*, Ky.App., 662 S.W.2d 491, 493 (1984):

... Conversely, therefore, it follows that transfer from one job category to another with lesser authority is a reduction in grade and is prohibited by KRS 90.360 [1] except for cause and after a hearing on appropriate charges.

They misapply it, seeming to confuse the term "authority" with the word "importance." The duty assignment of detective in the CID may very well be more important than duty assignment to the Patrol Division since more serious cases seem to be handled by detectives. This has nothing to do with authority. Authority connotes the power or right to give commands, enforce obedience, take supervisory action, make final supervisory decisions, etc. A person having a position of such power is known as "a person in authority." There is nothing in the record revealing that either assignment is a position of authority. They are equal on that score.

That was not the case in *Paducah v. Moore, supra*. There Moore was transferred from department head over 11 people to head of a different newly created department with no one to supervise but himself. This was clearly a reduction in authority and a subterfuge to transfer Moore in contravention of KRS 95.450(1).

■ Appellants also complain that the chief's memo of December 17, 1984, de-

---

**1.** KRS 90.360 is the companion statute covering civil employees to KRS 95.450 which covers police and firemen.

scribing appellants' shortcomings as the reason for the duty assignment transfer was a "reprimand" under the statute also entitling them to filed charges and a hearing. Again we disagree.

The memorandum does no more or less than the city ordinance requires—it lists the chief's reasons for the reassignment. We submit that it would be unreasonable indeed for the courts to require that such memoranda express praise for the individuals being reassigned. There is no evidence that it was "published".

Further, we do not believe that the legislative intent, as expressed in the language it employs, is that KRS 95.450 applies to a "reprimand" by a superior officer to a subordinate officer. Each is an employee of the city, acting by and through its Board of Commissioners. We think that the term "reprimand" in KRS 95.450(1) means a reprimand by the employer. To hold otherwise would mean that the chief of police would be powerless to correct his subordinates without a hearing—a ridiculous requirement in an organization structured in the traditional military chain-of-command mode.

In view of all of the above we need not address appellants' urging that the temporary duty assignment ordinance is a subterfuge, however, we think not.

The summary judgment of the Franklin Circuit Court is AFFIRMED.

All concur.