CITY OF DES MOINES, Appellee,

v.

CIVIL SERVICE COMMISSION OF THE CITY OF DES MOINES, Appellant,

Kenneth Danley, Intervenor.

No. 01–0682.

Supreme Court of Iowa.

July 17, 2002.

Hugh J. Cain and Anne L. Clark of Hopkins & Huebner, P.C., Des Moines, for appellant.

Carol J. Moser, Assistant City Attorney, Des Moines, for appellee.

Patrick J. Hopkins of Gaudineer & Comito, L.L.P., West Des Moines, for intervenor, Kenneth Danley.

CARTER, Justice.

The Civil Service Commission of the City of Des Moines (commission) appeals from a judgment in a certiorari action declaring that the commission was without jurisdiction to consider an appeal pending before it on behalf of intervenor, Kenneth Danley. It was the conclusion of the district court that a mere adjustment of office and vehicle assignments and travel opportunities did not constitute a demotion so as to fall within the jurisdiction of the civil service commission. After reviewing the record and considering the arguments presented, we conclude that that issue involves a decision on the merits of the employee's appeal and is not jurisdictional. Consequently, we reverse the judgment of the district court.

Intervenor, Kenneth Danley, joined the Des Moines Fire Department as a fire fighter in July 1973. During his more than twenty-six years of service with the department, he rose to the rank of deputy fire marshal. Danley's duties included managing and administering the Fire Prevention Bureau and handling special projects assigned by the fire chief.

On January 11, 1999, Danley was appointed the fire department's representative to the Permit and Development Center of the City of Des Moines's Community Development Center. In that position, Danley handled issues related to contractors' compliance with the Municipal Fire Code. Danley worked in this capacity until

March 22, 1999, when he was demoted to the position of fire fighter.

Danley filed a timely appeal to the commission, challenging his demotion. A specification of charges was filed on April 9, 1999. However, before the commission considered the charges, the city reinstated Danley to the title of deputy fire marshal, including restoration of the salary lost during the period of demotion.

The city moved to dismiss the appeal to the commission on the basis that Danley's reinstatement mooted the issues being pursued. Danley filed a resistance to the motion, contending there were additional issues to be resolved beyond mere title and salary. He contended that he continued to suffer a de facto demotion because of loss of accoutrements that had accompanied the deputy fire marshal position.

The civil service commission sought the advice of outside counsel to determine whether it had jurisdiction to address the claims involving loss of job accoutrements. Outside counsel advised the commission that it did have jurisdiction to consider those matters. The commission then denied the motion to dismiss.

After the commission denied its motion, the city filed a petition for certiorari challenging the commission's jurisdiction and obtained a stay of the proceedings before the commission while the certiorari action was being considered in the district court. Following a hearing, the district court sustained the writ of certiorari and ordered the commission to dismiss Danley's appeal for lack of jurisdiction. The commission has appealed from that order. Other matters relevant to the decision on appeal will be discussed in our consideration of the legal issues presented.

■ In holding that the commission was without jurisdiction to consider Danley's claims, the district court did not dispute his contention that changes in employment hierarchy through a revision of duties or authority may be akin to a demotion under the civil service laws. The court of appeals reached that conclusion in *Helgevold v. Civil Service Commission,* 367 N.W.2d 257, 261 (Iowa Ct.App.1985), and it has been a conclusion reached by courts in other jurisdictions. This is consistent with our broad pronouncement in *Misbach v. Civil Service Commission,* 230 Iowa 323, 326, 297 N.W. 284, 286 (1941), that "[i]n appeal cases the Commission has jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify or reverse any case on its merits."

In *Chiero v. Bureau of Motor Vehicles,* 55 Ohio Misc. 22, 381 N.E.2d 219 (Ohio Ct. Common Pleas 1977), a civil service employee appealed a job transfer. The transfer was found to be invalid, and following his return to his former position of supervisor, the court found that he was a supervisor in title only and had neither the duties, responsibilities, nor authority of a supervisor. The court stated:

> An appointing authority may not give lip service to the law by transferring a classified employee to a new position with a job title and description which purports to conform ... which, in fact, and in practice is a reduction in position.

*Chiero,* 381 N.E.2d at 220–21.

Similarly, in *Reed v. City Council,* 60 Cal.App.2d 628, 141 P.2d 459 (1943), the court stated:

> It is conceded by the parties ... that the salaries of the two positions are the same; but demotion means something more than a reduction in salary. To demote is to reduce to a lower rank or grade, and there may be a demotion in the type of position though salary may remain the same.

*Reed,* 141 P.2d at 463. This court has recognized that changes that place an employee in a different hierarchical position

with respect to other employees may be reviewed by the civil service commission. *Brightman v. Civil Serv. Comm'n,* 171 N.W.2d 612, 617–18 (Iowa 1969) (concluding that there was a narrow factual issue concerning whether the employees were demoted when salaries of other employees were increased).

The district court concluded that, notwithstanding the fact that a certain level of hierarchical change or loss of accoutrements could amount to a demotion, such was not the case with the city's treatment of Danley. The court concluded that the changes in Danley's employment setting involved "relatively minor items," which did not constitute a demotion. The determination of whether a withdrawal of perquisites is tantamount to a demotion involves an element of animus. Although the city urges that the withdrawal of privileges in Danley's case was the result of administrative and budgetary concerns and not a disciplinary sanction, this involves an issue of disputed fact.

█ Assuming that the facts of the present case would show that Danley is entitled to no relief under the civil service laws, we believe that this is a question that the commission has jurisdiction to resolve. It is an issue that goes to the merits of the dispute rather than a matter affecting the commission's jurisdiction. If the commission ultimately resolves. the matter in a manner the city concludes is contrary to law, the city's remedy is to pursue the de novo judicial review provided in Iowa Code section 400.27, rather than to collaterally attack the commission proceeding.

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for an order reinstating the proceeding before the civil service commission.

**REVERSED AND REMANDED.**