OPINION
{¶ 1} This matter comes before this court on appeal from an administrative appeal brought in the Franklin County Court of Common Pleas from the January 14, 2002 decision, order and entry (hereinafter "decision") of the City of Columbus, Property Maintenance Appeals Board (hereinafter "board") affirming the emergency order which provided that a fire-damaged garage on appellant Eleanor Smith's (hereinafter "appellant") property constituted an emergency and needed to be demolished. On September 24, 2002, the court of common pleas affirmed the decision of the board, concluding it was "constitutional, lawful, and supported by the preponderance of reliable, probative, and substantial evidence in the record." (Decision at 12.)
 {¶ 2} Appellant is the owner of a home at 653 Oakwood Avenue, Columbus, Ohio (hereinafter "property"). On or about March 10, 2001, a fire occurred in the single-car unattached garage on the property. The Columbus Division of Fire instituted an arson investigation; however, the investigation failed to produce any leads or evidence. As a result, the arson investigation was placed on inactive status.
 {¶ 3} Billy Reedus, an Investigator with the Columbus Division of Fire, notified the building department of the fire to the garage "[w]ithin a week after the fire." (Tr. at 11.) He informed the building department that "you may want to take a look at this address to see if the structure is still sound." (Tr. at 10-11.)
 {¶ 4} On or about March 30, 2001, Inspector Chris McGee (hereinafter "Inspector McGee"), a Code Enforcement Officer with the City of Columbus, Department of Development, inspected the garage. Based upon his observations, he was concerned for the public's safety. As such, Inspector McGee issued an emergency order (hereinafter "order") which stated: "Garage is leaning and has extreme fire damage. Unsafe to public. Garage must be demolished within 24 hours." Inspector McGee attempted to inform appellant of the order; however, she was physically unable to answer the door. As such, Inspector McGee telephoned appellant from her neighbor's house and explained if she did not tear down the garage the city would have to demolish it. Appellant explained to Inspector McGee that her property was in a historic district. Inspector McGee responded that the condition of the garage required it to be removed. During the conversation, Inspector McGee notified appellant he would leave the order on her porch.
 {¶ 5} When, after several days, appellant took no action to remove the garage, Inspector McGee issued an abatement order to Dana Rose, Chief Housing Officer with the Department of Development. As a result, on April 9, 2001, the Environmental Blight Abatement crew demolished appellant's garage.
 {¶ 6} On April 11, 2001, appellant filed a petition to appeal the order. The board heard the appeal on January 14, 2002 (hereinafter "hearing"). At the hearing, Inspector McGee testified the garage "was pretty much a shell. The frame that was standing was, I would say the timber was burnt to half it's [sic] size. There was a slight lean to it and I issued the order, really out of public safety." (Tr. at 16.) Inspector McGee developed this testimony further stating: "The garage sits on the ally [sic] adjacent to another garage that her neighbor owns. If that garage would fall, it could fall into the ally [sic] or onto the garage of her neighbor and any passer by, anybody walking down the ally [sic], if that thing was to fall, it is quite possible it could fall on a passer by." (Tr. at 33.) Further, Inspector McGee stated he was unable to placard the garage as "there was nothing to placard it to. There were no existing walls, it was just a skeleton of a garage and * * * even the skeleton was burnt to maybe half of it's [sic] size." (Tr. at 19-20.)
 {¶ 7} Additionally, Inspector Tony Arnold, a Code Enforcement Officer with the City of Columbus, Department of Development, testified regarding his observation of the garage. He stated "[t]hat it was burned to the point where it should be taken down immediately as soon as possible." (Tr. at 27.) He opined that, based upon the condition of the garage, the order was appropriate. Finally, the Division of Fire Incident Report (hereinafter "fire report") was presented by appellee at the hearing. The fire report stated: "Extent of Flame Damage. Entire Structure. * * * Overhead door broke in down position. Walk door boarded shut. Garage completely empty. Overhead wires." (Record, Exhibit No. 4.)
 {¶ 8} Upon consideration of the testimony at the hearing and the evidence presented by the parties, the board upheld the issuance of the order and appellee's subsequent demolition of the garage to abate the emergency.
 {¶ 9} Appellant appealed, pursuant to R.C. 2506 Chapter et seq., the board's decision to the Franklin County Court of Common Pleas. On September 23, 2002, the trial court upheld the board's decision. This appeal followed.
 {¶ 10} Appellant raises the following four assignments of error:
 {¶ 11} "I. The trial court abused its discretion when it affirmed the decision of the board even though the board's decision was not supported by the preponderance of substantial, reliable and probative evidence.
 {¶ 12} "II. The trial court abused its discretion when it shifted the burden of proof from appellee to appellant.
 {¶ 13} "III. The trial court abused its discretion when it failed to consider the facts which demonstrate that the [appellee] failed to follow its own policies and procedures.
 {¶ 14} "IV. The trial court abused its discretion when it found that appellant was afforded due process through a `post deprivation hearing.' "
 {¶ 15} For the following reasons, we affirm the decision of the trial court.
 {¶ 16} In her first assignment of error, appellant argues the trial court abused its discretion by affirming the board's decision even though it was not supported by the preponderance of substantial, reliable and probative evidence.
 {¶ 17} The standard of review for the court of common pleas for an administrative appeal is given in R.C. 119.12, which states in part:
 {¶ 18} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."
 {¶ 19} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is `more limited in scope.'" (Emphasis sic.) Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,147, 735 N.E.2d 433, quoting Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34, 465 N.E.2d 848. "The standard of review for appellate courts is whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence." Ashland v. Gene's Citgo, Inc. (Apr. 20, 2000), Franklin App. No. 99AP-938. "`[A]n abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248.
 {¶ 20} "`The fact that the court of appeals * * * might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240, quoting Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, 533 N.E.2d 264.
 {¶ 21} Turning to the case before us, we conclude that the trial court did not abuse its discretion in affirming the board's decision. At the hearing, appellee presented the testimony of Inspectors McGee and Arnold. Both Inspectors McGee and Arnold testified they personally inspected the garage and determined the garage created an emergency situation. Inspector McGee stated he issued the order out of concern for "public safety." (Tr. at 16.) Contrary to appellant's argument, we find nothing contradictory between Inspector McGee's testimony and his written statement set forth in the order. Furthermore, appellee presented the board with the fire report, which set forth the condition of the garage after the fire. Appellant did not offer any competing evidence that the condition of the garage did not constitute an emergency. While we are sympathetic to appellant's argument that she could not afford structural experts, as argued by appellee, appellant could have presented the testimony of lay witnesses regarding the appearance of the garage after the fire; however, she choose not to put on any testimony in this regard. Instead, appellant's testimony focused on the fact that the property was in a historic district. Therefore, with no competing evidence from appellant to consider, we find the trial court did not abuse its discretion in concluding the board's decision was supported by substantial, reliable and probative evidence.
 {¶ 22} Accordingly, we find appellant's first assignment of error not well-taken and is overruled.
 {¶ 23} In her second assignment of error, appellant contends the trial court abused its discretion when it shifted the burden of proof from appellee to appellant.
 {¶ 24} "It is a fundamental concept in administrative law and procedure that the party asserting the affirmative of an issue bears the burden of proof." Chiero v. Bur. of Motor Vehicles (1977),55 Ohio Misc. 22, 24, 381 N.E.2d 219, citing Goodyear Synthetic Rubber Corp. v. Dept. of Indus. Relations (C.P. Franklin Co. 1954), 76 Ohio Law Abs. 146, 122 N.E.2d 503. Additionally, the burden of proving that an emergency situation exists with respect to a structure rests with the political subdivision." Chalker v. Howland Twp. (1995), 74 Ohio Misc.2d 5,15, 358 N.E.2d 335.
 {¶ 25} The trial court properly laid the burden of proving an emergency upon appellee. Contrary to appellant's position, the trial court did not shift the burden of proof to appellant by requiring her to prove there was not an emergency situation. Instead, the trial court focused on the fact appellee set forth sufficient evidence to meet its burden of establishing an emergency situation and appellant failed to set forth any evidence to contradict or undermine appellee's evidence. As such, the trial court required nothing more of appellant than it would of any litigant faced with opposing unfavorable evidence.
 {¶ 26} Moreover, appellant's reliance upon Chalker is misplaced.[1] Specifically, in Chalker, the court stated that "[t]he seventeen days it took from enacting the resolution to actually taking the abatement action is also relevant in determining whether a bona fide emergency made a hearing infeasible." Id. Appellant relies upon this to support her position that an emergency did not exist, as 22 days elapsed from the notice of the condition to the demolition. However, the Chalker court's analysis did not focus on whether or not an emergency existed. To the contrary, the issue of whether an emergency existed was not contested. Instead, the analysis centered on whether it was feasible to have a hearing prior to abatement. Moreover, the 17-day time frame the Chalker court discusses is the passage of time from the enactment of the resolutions to the destruction of the structure by the township. As such, the relevant time frame for analysis currently would be the nine days which elapsed from the time the order was issued to when the garage was razed. Thus, a much shorter period of time elapsed in the current case and, as such, supports the board's finding of an actual emergency and the trial court's finding that the board's decision was supported by substantial, reliable and probative evidence.
 {¶ 27} Therefore, we find that the trial court did not shift the burden of proof from appellee to appellant. Accordingly, we find appellant's second assignment of error not well-taken and is overruled.
 {¶ 28} In her third assignment of error, appellant argues the trial court abused its discretion when it failed to consider the facts in the record which establish that appellee failed to follow its own policies and procedures regarding an emergency situation.
 {¶ 29} Appellant contends appellee failed to properly document the emergency, contrary to its procedure manual and without the proper documentation, there was no substantial, reliable and probative evidence for the trial court to consider.
 {¶ 30} Chapter 45 of the Columbus City Code (hereinafter "C.C.C.") contains the Housing Code. C.C.C. 4509.06, regarding emergency orders, states in pertinent part:
 {¶ 31} "(a) Whenever the administrator finds that an emergency exists which requires immediate action to protect the public health and safety or the health and safety of any person, he may issue an order reciting the existence of such an emergency and requiring that such action as he deems necessary be taken to meet the emergency. Notwithstanding the other provisions of this Housing Code, such order shall be effective immediately and complied with immediately.
 {¶ 32} "* * *
 {¶ 33} "(c) In cases where it reasonably appears that there is imminent danger to the public health and safety or the health and safety of any person unless the emergency condition is immediately corrected and if after reasonable attempts to notify the owner it appears that the owner will not or cannot immediately correct the condition, the administrator may cause the immediate abatement, including building demolition, of such emergency condition. * * *"
 {¶ 34} Currently, the order issued by appellee was due to an emergency situation, not a violation of a provision of the housing code. As such, it was issued in conformity with C.C.C. 4509.06. There is nothing to support the conclusion sought by appellant that the statutory provisions pertaining to violations apply to emergency orders. In fact, the explicit language of C.C.C. 4509.06 supports a contrary conclusion: "Notwithstanding the other provisions of this Housing Code, such order shall be effective immediately and complied with immediately."
 {¶ 35} Aside from the foregoing, if appellee failed to follow its own policies and procedures, this does not undermine the fact that substantial, reliable and probative evidence was presented to the board in support of the order. As stated previously, Inspectors McGee and Arnold testified to their observations and opinions that the garage was a danger to public safety and constituted an emergency. These observations and opinions are bolstered by the fire report. Appellant did not counter this evidence.
 {¶ 36} Accordingly, we find appellant's third assignment of error not well-taken and is overruled.
 {¶ 37} In her fourth assignment of error, appellant argues the trial court abused its discretion when it found appellant was not entitled to a pre-demolition hearing.
 {¶ 38} Seizure of property without the opportunity for a hearing is justified when it is "directly necessary to secure an important governmental or general public interest." Fuentes v. Shevin (1972),407 U.S. 67, 92 S.Ct. 1983. Similarly, the Chalker court held: "To the extent that an emergency actually exists, a governmental body should not be impeded from taking quick action to protect the health and safety of persons and property. In such an instance, a post-deprivation hearing is all a claimant has a right to and all that he can reasonably expect. If, however, the existence of an emergency is not established, a post-deprivation hearing does not satisfy due process for the taking of a personal right." Chalker at 25.
 {¶ 39} As discussed above, the trial court did not abuse its discretion in concluding the board's order was supported by substantial, reliable and probative evidence. In conformity with this finding, the trial court's conclusion that the post-deprivation hearing fulfilled all procedural due process requirements is, also, not an abuse of discretion.
 {¶ 40} Accordingly, we find appellant's fourth assignment of error not well-taken and is overruled.
 {¶ 41} For the foregoing reasons, appellant's assignments of error are overruled. We therefore affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and LAZARUS, JJ., concur.
[1] First, we note our belief that the analysis in Chalker upon which appellant relies is not relevant to this current assignment of error. Instead, it is more appropriately addressed in the first assignment of error. However, as appellant sets forth her argument in this assignment of error, we will address it in the second assignment of error.