NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0672n.06

No. 08-6197

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Oct 05, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| OSCAR CHERRY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CITY OF BOWLING GREEN, KENTUCKY, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: SUTTON, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. Oscar Cherry appeals the district court's grant of summary judgment in favor of the City of Bowling Green, Kentucky ("City") with respect to his claims under 42 U.S.C. § 1983 and Kentucky Revised Statutes § 446.070. We affirm as to the former claim, but vacate and remand as to the latter.

I.

A.

Cherry began working for the Bowling Green Fire Department in 1977, ultimately rising to the position of Deputy Chief. In May 2005, the City charged him with using a City credit card to make personal purchases. The City Commission conducted a hearing, found Cherry in violation, and suspended him for two weeks. Cherry did not appeal the decision.

Fire Chief Gerry Brown thereafter issued two memoranda, dated May 23 and 27, 2005, restricting Cherry from assuming the duties of Chief in Brown's absence and relieving him of emergency-scene responsibilities, among other restrictions. Cherry filed this action in Kentucky state court more than a year later, on June 13, 2006, claiming the restrictions were unlawful.

Meanwhile, Chief Brown retired on August 1, 2006. His immediate successor, Interim Chief Walter Jordan, left the restrictions on Cherry in place. Cherry applied for the position of permanent Chief, but contends his application was undermined by the restrictions. The City eventually selected Greg Johnson as permanent Chief. He promptly lifted the restrictions on Cherry.

### B.

It is difficult to discern from Cherry's various amended complaints exactly what his claims are. The district court and the parties to this appeal, apparently, have construed his most recent complaint to include a § 1983 claim, based upon an alleged violation of his Fourteenth Amendment right to procedural due process, and a § 446.070 claim, alleging violations of rights arising under Ky. Rev. Stat. § 95.450 and certain local ordinances. Given the parties' agreement in this respect, we construe Cherry's complaint the same way.

The City removed the case to the district court based upon the presence of the § 1983 claim, and thereafter moved for summary judgment. The district court granted the City's motion, holding that the § 1983 claim was time-barred and that the § 446.070 claim did not present a genuine issue of material fact. The court also granted summary judgment to the City as to various state-law claims whose dismissal Cherry does not challenge here.

This appeal followed.

No. 08-6197
*Oscar Cherry v. City of Bowling Green, Kentucky*

II.

"This Court reviews a district court's grant of summary judgment *de novo*." *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The district court held, and Cherry does not dispute, that the limitations period for his § 1983 claim is one year. *See generally Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); Ky. Rev. Stat. § 413.140(1)(a). Cherry concedes that he filed this action more than one year after Brown imposed the restrictions giving rise to his claim, but argues that the continuing-violations doctrine tolled the limitations period.

That doctrine applies only to violations that are part of "a longstanding and demonstrable policy" of illegality. *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th. Cir. 2003). The policy must extend beyond the plaintiff who asserts the doctrine; to establish a continuing violation, the plaintiff "'must demonstrate something more than the existence of discriminatory treatment in his case.'" *Id.* (quoting *Haithcock v. Frank*, 958 F.2d 671, 679 (6th Cir. 1992)). Rather, "'[t]he preponderance of evidence must establish that some form of intentional discrimination against [a] *class* of which plaintiff was a member was the company's standard operating procedure.'" *Sharpe*, 319 F.3d at 269 (quoting *EEOC v. Penton Indus. Publ'g Co.*, 851 F.2d 835, 838 (6th Cir. 1988)) (emphasis added).

Cherry's argument is more linguistic than legal: He says the restrictions were continuing violations because they in fact continued throughout the period in which he applied to be Chief. But he misunderstands the doctrine. Mere continuity of a sanction does not make it a continuing violation; and Cherry's allegations, if credited, would show only "discrete acts of discrimination" against him personally, *id.* at 267, not the class-wide policy necessary for the doctrine to apply.

Cherry next argues that it was "virtually impossible" for him timely to litigate his claims against the City, because during the same time he was seeking promotion to Chief. Cherry's Br. at 27. The argument is more practical than legal, and it fails on both scores. The argument is practically undermined by the fact that Cherry filed suit before he even sought the promotion. And legally the argument simply affords no basis to toll the limitations period for Cherry's claim. The district court was correct, therefore, to hold that Cherry's § 1983 claim was time-barred. That disposes of his only federal claim.

Cherry's remaining state-law claim is problematic. The claim arises under Ky. Rev. Stat. § 446.070, which provides: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." Ky. Rev. Stat. § 446.070. Thus, by its terms, § 446.070 does not create substantive rights, but rather creates a cause of action to redress the violation of Kentucky statutes that do create them. *See Toche v. Am. Watercraft*, 176 S.W.3d 694, 698 (Ky. Ct. App. 2005).

Cherry's § 446.070 claim springs from two alleged underlying violations. First, he says that the restrictions violated the City's own employment policies, as set forth in its local ordinance. This

aspect of the claim is plainly meritless; § 446.070 provides a cause of action for the violation of Kentucky statutes, not local ordinances. *Equitable Life Assurance Soc'y of the United States v. McClellan*, 149 S.W.2d 730, 733 (Ky. 1941).

But Cherry also argues that the restrictions amounted to punishment that, under Ky. Rev. Stat. § 95.450, the City could not impose upon him without a hearing. Section 95.450 provides that a firefighter "shall be reprimanded, dismissed, suspended, or reduced in pay or grade . . . only after charges are preferred and a hearing conducted as provided in this section." The district court held that "[t]here is no evidence which suggests that the work restrictions constituted any of these actions." We agree with that conclusion as to some of the restrictions; two of them, for example, pertain to Cherry's uniform and appearance, which clearly fall within a Chief's power to "correct his subordinates without a hearing." *Hockensmith v. City of Frankfurt*, 723 S.W.2d 855, 857 (Ky. App. 1986). But about some of the other restrictions, we are not so sure. The restriction providing that Cherry was "not authorized to assume command of operations at major fires until further notice[,]" for example, conceivably might affect his "authority" as Deputy Chief, which in turn might present the question whether that restriction effected a reduction in grade, albeit a temporary one. *See id.* at 856. The same might be said concerning the restriction barring Cherry from assuming the duties of Chief in Brown's absence. These appear to us, at least, to be nuanced questions of Kentucky law.

The same is true with respect to the question whether Cherry's § 446.070 claim is time-barred, which at first glance might seem to be an alternative (although unargued) ground for affirmance based on the record before us. Like § 1983, § 446.070 lacks its own limitations provision and hence must borrow one from elsewhere. And suffice it to say that, under Kentucky law, the

limitations provision applicable to a § 446.070 action that asserts an underlying violation of § 95.450 is not obvious to us.

The district court's opinion does not answer these questions, and thus does not support summary judgment with respect to Cherry's § 446.070 claim to the extent that claim is based on an alleged violation of § 95.450. Thus, at this point, we cannot affirm the court's judgment to that extent. But neither, at this point, can we reverse it, for the reasons noted above. Instead, we vacate the district court's judgment as to that portion of that claim.

The remaining questions in the case should now perhaps be answered by a Kentucky court rather than a federal one. The sole federal claim in the case has been properly dismissed, and the remaining state claim presents complex issues of state law. *See* 28 U.S.C. § 1367(c)(1), (3). But the question whether to exercise supplemental jurisdiction, we leave to the district court in the first instance.

Accordingly, we affirm the district court's judgment with one exception, namely, that we vacate the judgment with respect to Cherry's § 446.070 claim (to the extent the claim is based on an alleged violation of § 95.450), and remand the claim for further proceedings consistent with this opinion.