Robert S. **KENNEDY**, Individually, Appellant,

v.

**CIVIL SERVICE COMMISSION OF the CITY OF COUNCIL BLUFFS, Iowa, Appellee.**

Joseph A. **Venditte**, Individually, Appellant,

v.

Civil Service Commission of the City of Council Bluffs, Iowa, Appellee.

No. 01–1267.

Supreme Court of Iowa.

Dec. 18, 2002.

Matthew D. Wilber of Richter & Wilber, Council Bluffs, for appellants.

Karen A. Dales, Assistant City Attorney, Council Bluffs, for appellee.

CARTER, Justice.

Police officers who were disciplined by the appointing authority appeal from orders in their certiorari actions that rejected their challenge to the use of a hearing officer to take evidence and make a disciplinary recommendation to the Civil Service Commission of the City of Council Bluffs. The district court concluded that the commission had the power under the municipal home-rule amendment, Iowa Const. art. III, § 38A, to delegate its authority to a hearing officer. On this appeal the officers urge that (1) the commission lacked rule-making authority; (2) if rule-making authority existed, the rule being challenged was not adopted by proper procedures; and (3) the use of a hearing officer to conduct hearings on civil service appeals is contrary to law. After reviewing the record and considering the arguments presented, we agree with the officers' third contention, and it is therefore not necessary to consider their first two arguments. The judgments of the district court are reversed and the cases remanded for orders sustaining the writs.

Joseph Venditte and Robert Kennedy were employed as Council Bluffs police officers. Venditte was placed on suspension on January 3, 2000, and Kennedy's employment was terminated on February 18, 2000. Both officers appealed their disciplinary sanctions to the Civil Service Commission of the City of Council Bluffs. That commission had adopted rules to govern contested matters, and among other things, those rules provided for the use of a hearing officer to handle disciplinary appeals.

The hearing officer presided over the hearings, received evidence, and submitted recommendations to the commission that favored upholding the disciplinary action that had been taken. The commission concurred with the recommendations of the hearing officer and upheld Venditte's suspension and Kennedy's termination.

Venditte and Kennedy argue that the district court improperly relied on the home-rule amendment because the enlarged authority granted to cities thereunder may only be exercised by the city council. The commission acted on its own in adopting the challenged ordinance providing for a hearing officer. While that argument provides an alternative basis for challenging the commission's rule, see 1986 Iowa Op. Att'y Gen. 125 (city agencies do not have home-rule authority to act beyond their statutory field of operation), we also discern a substantive impediment to the rule that would exist even if it had been ratified by the city council.

■ The municipal home-rule amendment only grants authority to take action that is not inconsistent with state law. Iowa Const. art. III, § 38A (municipal corporations are granted home-rule power and authority, *not inconsistent with the laws of the General Assembly*). We have recognized that,

[i]n determining what the legislature has permitted and prohibited, we look to the legislative intent in enacting the state statutes and we require that any local ordinance remain faithful to this legislative intent.

*Goodell v. Humboldt County*, 575 N.W.2d 486, 500 (Iowa 1998). In ascertaining legislative intent, we may consider the object sought to be obtained by the legislature in enacting the statute. *Id.*

■ We have previously interpreted the civil service laws in Iowa Code chapter 400 to give the commission sole authority with respect to conducting entrance and promotional exams. *Sioux City Police Officers' Ass'n v. City of Sioux City*, 495

N.W.2d 687, 694 (Iowa 1993). Our examination of that chapter also convinces us that the commission has sole authority to hear disciplinary appeals. The issue we must decide is whether the local commission's attempts to delegate part of that authority to a hearing officer is contrary to the legislative enactments that create the commission and establish its authority.

It is provided by statute that a person holding civil service rights has a right to appeal any disciplinary action. The statute granting that right provides:

No person holding civil service rights as provided in this chapter shall be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter, but may be removed, demoted, or suspended after a hearing by a majority vote of the civil service commission, for neglect of duty, disobedience, misconduct, or failure to properly perform the person's duties.

Iowa Code § 400.18 (1999). The commission's jurisdiction is as follows:

The civil service commission has jurisdiction to *hear and determine* matters involving the rights of civil service employees under this chapter, and may affirm, modify, or reverse any case on its merits.

The city attorney or solicitor shall be the attorney for the commission or when requested by the commission shall present matters concerning civil service employees to the commission, except the commission may hire a counselor or an attorney on a per diem basis to represent it when in the opinion of the commission there is a conflict of interest between the commission and the city council. The counselor or attorney hired by the commission shall not be the city attorney or solicitor. The city shall pay the costs incurred by the commis-

sion in employing an attorney under this section.

Iowa Code § 400.27 (emphasis added). Section 400.30 provides "[t]he provisions of this chapter shall be strictly carried out by each person or body having powers or duties thereunder."

■ The power to "hear and determine" is an essential component of the commission's mandate. *Sandahl v. City of Des Moines*, 227 Iowa 1310, 1312, 290 N.W. 697, 698 (1940). We have recognized that this power refers to a judicial investigation in settlement of an issue of fact. *Id.* We have recognized that a municipal corporation cannot surrender or contract away its governmental functions and powers. *Marco Dev. Corp. v. City of Cedar Falls*, 473 N.W.2d 41, 42 (Iowa 1991). We have applied a similar principle to the actions of statutorily created municipal agencies. *Gabrilson v. Flynn*, 554 N.W.2d 267, 276 (Iowa 1996); *Bunger v. Iowa High School Athletic Ass'n*, 197 N.W.2d 555, 560 (Iowa 1972).

■ We are satisfied that in assigning duties to the commission the legislature intended that all critical duties be performed by those persons empowered by law to do so, *i.e.*, the duly appointed commissioners. An essential element in hearing and deciding civil service appeals is a credibility assessment of the witnesses who appear and testify. For this reason, we conclude that it is the commissioners' duty to personally hear the testimony presented.

The commission and the city urge that the taking of evidence before a hearing officer is consistent with this court's decisions in *Connor v. Civil Service Commission*, 265 N.W.2d 735, 736–37 (Iowa 1978), and *O'Connor v. Youngblade*, 250 Iowa 808, 816, 96 N.W.2d 457, 462 (1959), where we recognized that members of the com-

mission not attending a civil service appeal hearing may vote with those commissioners who did attend the hearing after reviewing a written record of the hearing. We do not believe that these cases support the commission's claim of authority to have the hearing process conducted entirely by a hearing examiner. In the cited cases, the hearing was held before a quorum of the commission.

We have considered the issue presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court with directions to sustain the writ of certiorari and order a new hearing of these civil service appeals before the civil service commissioners.

**REVERSED AND REMANDED.**