**Robert S. KENNEDY, Individually, Appellee,**

v.

**CIVIL SERVICE COMMISSION OF the CITY OF COUNCIL BLUFFS, Iowa, Appellant.**

**Joseph A. Venditte, Individually, Appellee,**

v.

**Civil Service Commission of the City of Council Bluffs, Iowa, Appellant.**

No. 03–1710.

Supreme Court of Iowa.

April 1, 2005.

Michael A. Sciortino, Assistant City Attorney, Council Bluffs, for appellant.

David E. Richter and Kristina M. Kaeding, Council Bluffs, for appellees.

CARTER, Justice.

The Civil Service Commission of the City of Council Bluffs (the commission) appeals from an order of the district court canceling the hearings that the commission had set concerning appeals by city employees, Joseph A. Venditte and Robert S. Kennedy, who had been disciplined by the appointing authority of the city. In conjunction with canceling the hearings, the district court also set aside the discipline that had been imposed in each case based on its belief that there had been an undue delay in the statutory appeal process. These proceedings in the district court followed a remand from this court on a prior appeal. *See Kennedy v. Civil Serv. Comm'n*, 654 N.W.2d 511 (Iowa 2002).

After reviewing the record and considering the arguments presented, we conclude that the district court erred in canceling the scheduled hearings before the commission and in taking summary action on the merits of the employment dispute without the completion of the statutory appeal process before the commission. We reverse the judgment of the district court and direct that the statutory appeal process be resumed in accordance with this court's mandate on the prior appeal.

On January 3, 2000, Joseph A. Venditte, a Council Bluffs police officer, received two suspensions for disobeying orders. Venditte appealed the suspensions to the commission on January 11, 2000. On February 18, 2000, Robert S. Kennedy, also a Council Bluffs police officer, was terminated from employment. Kennedy appealed his termination to the commission on February 21, 2000. On January 13, 2000, the commission, acting pursuant to a recently adopted rule change, employed a hearing officer to conduct the statutory-appeal hearings for Venditte and Kennedy.

The officers challenged the hearing-officer procedure in separate certiorari actions commenced in the district court. The district court upheld the commission's procedure with respect to each officer. Those rulings were appealed to this court and were reversed. Our mandate to the district court was as follows:

The case is remanded to [the district] court with directions to sustain the writ of certiorari and order a new hearing of these civil service appeals before the civil service commissioners.

*Kennedy*, 654 N.W.2d at 514. Procedendo was issued on January 16, 2003.

On April 24, 2003, the commission requested the district court to comply with this court's mandate by sustaining the writs of certiorari and ordering new hearings before the civil service commissioners. Venditte and Kennedy filed a resistance to that application, raising issues of timeliness and lack of prosecution. They later filed new certiorari actions in the district court, raising these same issues. The district court ordered new hearings before the commission, but simultaneously heard and decided the certiorari actions and ruled that the commission would be without authority to resume the proceedings more than three and one-half years after the appeal process was commenced. It sustained the writs of certiorari and ordered that the discipline imposed by the appointing authority be set aside as to each officer. The commission has appealed.

## I. *Standard of Review.*

■ Review of the decision of the district court is de novo. Iowa Code § 400.27; *Dolan v. Civil Serv. Comm'n,* 634 N.W.2d 657, 662 (Iowa 2001). Review is confined to the record made in the district court and is limited to the issues raised in the district court. *Id.*

## II. *Compliance With Statutory Time Requirements for Civil Service Appeals.*

A. *The commission's arguments.* The commission contends that the officers' hearings were originally scheduled within the statutory time period prior to the earlier appeal to this court. Following our remand order, it is the position of the commission that resumption of the civil service hearings had to await further orders by the district court as this court had directed.

B. *The officers' arguments.* The officers argue that, because the commission at no time filed a motion to stay proceedings, it did not meet the timing requirements of section 400.23. It predicates this claim on the time the appointing authority's specifications were filed and allows for no interruption as a result of the consideration of their prior certiorari actions in both the district court and this court.

■ C. *Analysis.* Iowa Code section 400.23 provides:

Within ten days after such specifications are filed, the commission shall fix the time, which shall not be less than five nor more than twenty days thereafter, and place for hearing the appeal and shall notify the parties in writing of the time and place so fixed, and the notice shall contain a copy of the specifications so filed.

Prior to the first appeal to this court, Venditte filed his appeal to the commission on January 11, 2000. The "specifications of charges" were filed by the appointing authority on January 25, 2000. On February 3, 2000, the commission set Venditte's appeal hearing for February 9, 2000. Kennedy filed his appeal on February 21, 2000. The "specifications of charges" against Kennedy were filed by the city on February 29, 2000. On March 2, 2000, the commission set Kennedy's hearing for March 15, 2000.

The timing of these hearings was in compliance with the requirements of section 400.23 with respect to both the time at which the hearings were set and the time for which the hearings were scheduled. In Venditte's case, the commission met nine days after the "specifications of charges" were filed and fixed the time for hearing six days after the meeting. In Kennedy's case, the commission met three days after the "specifications of charges" were filed and fixed the time for his hearing thirteen days after the meeting.

On June 25, 2003, following the first appeal to this court, the district court complied with the remand order by sustaining the officers' writs of certiorari and sending the case back to the commission for new hearings. The commission set the time for new hearings on the officers' appeals for July 8, 2003 (Kennedy), and July 9, 2003 (Venditte). This action was taken by the commission on July 1, 2003. Based on these dates, the commission was in compliance with the time requirements of section 400.23 if the time is measured from the earliest date that its jurisdiction was restored.

■ Our decision up to this point disposes of the timeliness issue. To the extent that the district court also relied on a theory of failure to prosecute, we also reject that analysis. Neither the commission nor the City of Council Bluffs was tasked with the responsibility for prosecuting its

employees' appeals. The employees were the parties that were obligated to do that. To enable them to do this, the commission was required to comply with the applicable statutes concerning the time of setting hearings. As we have noted, however, it did comply with those statutes both prior to the first appeal to this court and thereafter.

The delays that have occurred in the civil service appeal process for these officers have resulted entirely from their challenges to the original hearing process. That hearing process had been timely pursued. No new process could commence until the litigation initiated by the officers had been completed and the exclusive jurisdiction of the commission in this personnel matter had been restored. *See VanBaale v. City of Des Moines,* 550 N.W.2d 153, 155 (Iowa 1996) (civil service commission appeal is exclusive remedy for challenging discipline by employees subject to the act). Such delay provides no basis for disturbing the discipline imposed by the appointing authority in a manner other than a resumption of the civil service appeal process.

We have considered all issues presented and conclude that the judgments of the district court should be reversed in each of the officer's certiorari actions. The case is remanded to the district court for an order directing the civil service commission to reschedule the statutory appeal hearings for each officer.

**REVERSED AND REMANDED.**